UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| LONNIE MOORE III, | No. C 11-05517 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| PATRICK R DONAHOE, | [Re: ECF No. 32] |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Lonnie Moore III ("Mr. Moore") brings this employment discrimination action against Defendant Patrick Donahoe ("Defendant") in his official capacity as Postmaster General of the United States Postal Service ("USPS"). Defendant now moves under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. Upon consideration of the papers submitted and the parties' arguments at the July 19, 2012 hearing, the court **GRANTS** Defendant's motion and **DISMISSES** Mr. Moore's complaint **WITHOUT PREJUDICE**.

## II. BACKGROUND[1]

Mr. Moore was employed by the USPS as a Letter Carrier at its Bayview Station in San

---

[1] Because Mr. Moore's complaint contains very few factual allegations, the "Background" section of this order is based not only on the allegations in the complaint but on the complete version of the EEOC's Dismissal of Formal EEO Complaint (of which Mr. Moore attached two of six pages to his complaint). *See* Complaint, ECF No. 1; Sladden Declaration, Ex. A, ECF No. 32-1.

C 11-05517 LB
ORDER

Francisco, California. Sladden Declaration, Ex. A, ECF No. 32-1 at 5. On April 12, 2011, Mr. Moore, along with a union representative, participated in an investigative interview regarding his irregular attendance. *Id*. at 4-5. On April 22, 2011, the USPS issued a formal Letter of Removal to Mr. Moore. *Id*. at 4.[2] Mr. Moore signed the Letter of Removal that same day. *Id*.

On July 1, 2011—70 days after he signed the Letter of Removal—Mr. Moore contacted the EEO and requested pre-complaint processing. *Id*. at 5. He was issued a Notice of Right to File an Individual Complaint of Discrimination on August 31, 2011. *Id*.

Mr. Moore did so on September 12, 2011. *Id*. He alleged discrimination based on race (African-American), color (black), sex (male), retaliation (unspecified) and disability ("I was sick."). *Id*. at 4. On September 26, 2011, the EEOC issued a Dismissal of Formal EEO Complaint that dismissed Mr. Moore's complaint because he did not make initial contact with the EEO within 45 days of the allegedly discriminatory act—here, his removal on April 22, 2011. *Id*. at 5 (citing 29 C.F.R. § 1614.10(a)(1)). The Dismissal stated that Mr. Moore either could file an appeal with the EEOC within 30 days of his receipt of the Dismissal, or he could file a civil action with the appropriate United States District Court within 90 days of his receipt of the Dismissal. *Id*. at 8-9.

It appears that Mr. Moore chose the latter option.[3] He instituted this employment discrimination action against Defendant in this court on November 14, 2011. Complaint, ECF No. 1. His form complaint appears to allege violations of: (1) Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*.; (2) the Americans with Disabilities Act of 1990 ("ADA"), 12 U.S.C. § 12101, *et seq*., as amended by the Americans with Disability Act Amendments Act of 2008, P.L. 110-325; (3) and the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. *Id*. at 1-2. He alleges

---

[2] Although the Letter of Removal was issued to Mr. Moore on April 22, 2011, it is dated April 20, 2011. Sladden Declaration, Ex. A, ECF No. 32-1 at 4.

[3] Along with the first and sixth pages of the Dismissal, Mr. Moore also attached a three-page document dated October 11, 2011 that is titled "Appeal to the Equal Employment Opportunity Commission." Complaint, ECF No. 1 at 6-8. In it, Mr. Moore states that his case is for disability discrimination and is "not race[-]related." *Id*. at 6; *see also id*. ("Stop saying my case is race[-]related. It is clearly not! The EEOC meeting was not about race, but irregular attendance due to my disability.").

C 11-05517 LB
ORDER

1  Defendant failed to employ him, terminated his employment, and failed to promote him. *Id*. He also
2  alleges that the discrimination occurred on June 8, 2011, that he filed charges with the Federal Equal
3  Employment Opportunity Commission ("EEOC") or the California Department of Fair Employment
4  and Housing ("DFEH") on that same day, and that the EEOC issued a Notice-of-Right-to-Sue letter,
5  which he received on September 26, 2011. *Id*. at 2-3. He attached to his complaint the first and last
6  pages of the EEOC's dismissal of his formal charges. *Id*. at 4-5. He did not attach the second, third,
7  fourth, and fifth pages of the dismissal.

8  On June 5, 2012, Defendant filed a motion under Federal Rule of Civil Procedure 12(c) for
9  judgment on the pleadings, asserting that Mr. Moore failed to allege facts to support his claims, and,
10 even if he did, failed to timely exhaust his administrative remedies. Motion, ECF No. 32.[4] On June
11 28, 2012, Mr. Moore timely filed an opposition to Defendant's motion. Opposition, ECF No. 33;
12 *see* Fed. R. Civ. P. 6(d); N.D. Cal. Civ. L.R. 7-3(a). He then filed a supplemental opposition.
13 Supplemental Opposition, ECF No. 34. Defendant's reply addressed both of Mr. Moore's
14 oppositions. Reply, ECF No. 36. On July 19, 2012, the court held a hearing on Defendant's motion.
15 7/19/2012 Minute Order, ECF No. 37.

### III. LEGAL STANDARD

17 "After the pleadings are closed—but early enough not to delay trial—a party may move for
18 judgment on the pleadings." Fed. R. Civ. P. 12(c). "[T]he same standard of review applicable to a
19 Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally
20 identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c)
21 motion may thus be predicated on either: (1) the lack of a cognizable legal theory; or (2) insufficient
22 facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
23 (9th Cir. 1990). When considering a motion to dismiss under Rule 12(c), the court "must accept all
24 factual allegations in the complaint as true and construe them in the light most favorable to the

---

[4] Defendant brings his motion pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction), (12(b)(6) (failure to state a claim upon which relief can be granted), 12(c) (judgment on the pleadings), and 12(h)(3) (lack of subject-matter jurisdiction). Because Defendant has already answered Mr. Moore's complaint, all of these bases are properly examined as a motion pursuant to Rule 12(c).

1  non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  "A judgment on the
2  pleadings is proper if, taking all of [plaintiff]'s allegations in its pleadings as true, [defendant] is
3  entitled to judgment as a matter of law." *Compton Unified School Dist. v. Addison*, 598 F.3d 1181,
4  1185 (9th Cir. 2010).

5  Although a court generally is confined to the pleadings on a Rule 12(c) motion, "[a] court may,
6  however, consider certain materials—documents attached to the complaint, documents incorporated
7  by reference in the complaint, or matters of judicial notice—without converting the motion to
8  dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.
9  2003); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).  The Ninth Circuit
10 has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim
11 depends on the contents of a document, the defendant attaches the document to its motion to dismiss,
12 and the parties do not dispute the authenticity of the document, even though the plaintiff does not
13 explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068,
14 1076 (9th Cir.2005) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding that the
15 district court properly considered documents attached to a motion to dismiss that described the terms
16 of plaintiff's group health insurance plan, where plaintiff alleged membership in the plan, his claims
17 depended on the conditions described in the documents, and plaintiff never disputed their
18 authenticity); *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002) (taking into account newspaper
19 article containing allegedly defamatory statement under the "incorporation by reference" doctrine
20 where it was "central" to plaintiff's claim, defendant attached it to the motion for judgment on the
21 pleadings, and plaintiff did not contest its authenticity)).

## IV.  DISCUSSION

A.  Scope of the Instant Action

24 As an initial matter, Defendant challenges the scope of the action before the court.  Motion, ECF
25 No. 32 at 9.  He argues that Mr. Moore's race, color, and sex discrimination claims should be
26 disregarding and dismissed because Mr. Moore stated in his October 11, 2011 "Appeal to the Equal
27 Employment Opportunity Commission" that his claim is for disability discrimination only.  *Id.*
28 (citing Complaint, ECF No. 1 at 6).  It is true that Mr. Moore's October 11, 2001 appeal letter says

this, but the EEOC's Dismissal mentions race, color, and sex discrimination claims, and Mr. Moore's federal complaint alleges Title VII violations.[5] In light of this ambiguity, the court will address all of Mr. Moore's potential claims here.

B.  The Sufficiency of Mr. Moore's Claims

1. Mr. Moore's Claims for Race, Color, and Sex Discrimination

Title VII provides that:

> It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a). "The emphasis of both the language and the legislative history of the statute is on eliminating discrimination in employment; similarly situated employees are not to be treated differently solely because they differ with respect to race, color, religion, sex, or national origin." *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 71 (1977).

To establish a *prima facie* case of employment discrimination under Title VII, Mr. Moore must prove that (1) he belongs to a protected class, (2) he was qualified for the job (or promotion or other benefit at issue), (3) he was subject to an adverse employment action, and (4) similarly-situated individuals outside his protected class were treated more favorably. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Though heightened pleading standards are not mandated in Title VII cases, Mr. Moore must plead sufficient facts to state the elements of a *prima facie* case of discrimination. *Johnson v. Riverside*

---

[5] "The jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (citing *Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472, 1476 (9th Cir. 1989)); *see EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994).

C 11-05517 LB
ORDER
5

*Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (*citing Williams v. Boeing Co.*, 517 F.3d 1120, 1130 (9th Cir. 2008)).

He has not. Although the EEOC's dismissal states that he brought before it claims for race, color, and sex discrimination, Sladden Declaration, Ex. A, ECF No. 32-1 at 4, his federal complaint does not mention them at all, *see generally* Complaint, ECF No. 1. In fact, when given the opportunity, on the form complaint he used, to indicate what type of discrimination he alleges, he did not mark "My race or color," "My religion," "My sex," or "My national origin," and instead only marked "Other as specified below." *Id*. at 2. And aside from stating that Defendant violated Title VII, Mr. Moore's complaint contains no factual allegations relating to race, color, or sex discrimination whatsoever. *See generally id*. In addition, as noted above, Mr. Moore's October 11, 2011 "Appeal to the Equal Employment Opportunity Commission" states that his claim is for disability discrimination only. *Id*. at 6. Therefore, because Mr. Moore alleges no facts to support his race, color, and sex discrimination claims—and because he even appears to disavow them—they must be dismissed.

2. <u>Mr. Moore's Claim for Retaliation</u>

Title VII also provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

To establish a *prima facie* case of retaliation under Title VII, Mr. Moore must prove that (1) he engaged in a protected activity, (2) he suffered an adverse employment decision, and (3) there was a causal link between the protected activity and the adverse employment decision. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

Mr. Moore fails to sufficiently allege a retaliation claims. While the EEOC's Dismissal states that Mr. Moore brought before it an unspecified retaliation claim, Sladden Declaration, Ex. A, ECF No. 32-1 at 4, he alleges no facts—such as that he engaged in a protected activity and that it was

causally linked to his removal—in his federal complaint in support of it. Therefore, because Mr. Moore alleges no facts to support his retaliation claim, it must be dismissed.

### 3. Mr. Moore's Claim for Disability Discrimination

It appears from his federal complaint that Mr. Moore brings a disability discrimination claim under both the ADA and the Rehabilitation Act. *See* Complaint, ECF No. 1 at 2. The Ninth Circuit has held that Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, provides the exclusive remedy for federal employees claiming discrimination based on disability. *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989), *overruled on other grounds*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990). Thus, to the extent that Mr. Moore's disability discrimination claim is based on the ADA, it must be dismissed with prejudice.[6]

To state a *prima facie* case of disability discrimination under the Rehabilitation Act, Mr. Moore must demonstrate that (1) he is a person with a disability (2) who is otherwise qualified for employment and (3) suffered discrimination because of his disability. *Walton v. United States Marshals Service*, 492 F.3d 998, 1005 (9th Cir. 2007) (citing *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1058 (9th Cir. 2005)).

Mr. Moore does not sufficiently allege a claim under the Rehabilitation Act. For one, nowhere in his federal complaint does he identify or allege facts to demonstrate a "disability," which, with respect to an individual, is defined in the ADA as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(2); *see generally* Complaint, ECF No. 1. The court does note that Mr. Morrow apparently suggested, in his EEOC complaint, that his disability is that he simply was "sick," but this condition, as pled (there is no suggestion that his being sick was anything other than normal, temporary illness), whether actual or perceived, cannot be considered a disability because it was not permanent or long-term in nature. The ADA definition of "disability" does not cover "transient, nonpermanent condition[s]."

---

[6] Just to be clear, the dismissal of Mr. Moore's ADA claim does not affect the court's inquiry regarding liability because the Rehabilitation Act is governed by the same liability standards as the ADA. *See Coons v. Sec'y of the U.S. Dep't of the Treasury*, 383 F.3d 879, 884 (9th Cir. 2004).

*McDonald v. Com. of Pa., Dep't of Public Welfare*, 62 F.3d 92, 97 (3d Cir. 1995). "Temporary medical conditions do not constitute disabilities under the ADA." *Barnes v. Homes*, 2000 WL 558641, at *6 (N.D. Cal. May 4, 2000) (citing *McDonald*, in which the Third Circuit rejected a claim of plaintiff who suffered "severe abdominal pain" for two month period) (additional citations omitted); *see also McGuire v. Dobbs Intern. Services, Inc.*, 232 F.3d 895, 2000 WL 1036043, at *1-2 (9th Cir. 2000) (plaintiff's headaches and back pain, which kept him out of full-time employment for, at most, a two-month period, was not a "disability," because "'[t]emporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities.'") (quoting 29 C.F.R. App. 1630, at 13).

Nor does Mr. Moore allege facts to demonstrate that he is a "qualified individual" who, with or without reasonable accommodation for his "disability," is capable of performing the essential functions of his job. "The term 'qualified,' with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2(m). "The term essential functions means the fundamental job duties of the employment position the individual with a disability holds or desires. The term 'essential functions' does not include the marginal functions of the position." 29 C.F.R. § 1630.2(n)(1).

For these reasons, Mr. Moore fails to sufficiently allege a claim for disability discrimination under the Rehabilitation Act, and it must be dismissed.

C.  Statute of Limitations

Defendant argues that Mr. Moore's claims should be dismissed with prejudice because they are time-barred. Motion, ECF No. 32 at 12-14.

In order to bring a claim under Title VII or the Rehabilitation Act[7], a federal employee must

---

[7] Because Mr. Moore's ADA is dismissed with prejudice (because, as explained above, Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, provides the exclusive remedy for federal employees claiming discrimination based on disability, *Johnston*, 875 F.2d at 1420), only his Title VII and Rehabilitation Act claims are addressed here.

C 11-05517 LB
ORDER
8

timely exhaust his or her available administrative remedies. *See Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) (Rehabilitation Act context); *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002) (Title VII context).  Under federal regulations promulgated by the EEOC, a federal employee complaining of discrimination by a governmental agency "must consult a[n EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter,' 29 C.F.R. § 1614.105(a), and he or she "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory," 29 C.F.R. § 1614.105(a)(1).[8]  "Although it does not carry the full weight of statutory authority, failure to comply with this regulation has been held to be fatal to a federal employee's discrimination claim." *Lyons*, 307 F.3d at 1105 (citing *Johnson v. United States Treasury Dept.*, 27 F.3d 415, 416 (9th Cir.1994) (per curiam)).[9]

The court does not believe that dismissal with prejudice is warranted, at least at this time.  On one hand, Mr. Moore signed the Letter of Removal on April 22, 2012, which would appear to have triggered the start of the 45-day period within which Mr. Moore had to initiate the EEOC process.

---

[8] 29 C.F.R. § 1614.105(a) provides in full:

(a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.

(1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

(2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

[9] Whether Mr. Moore timely initiated the EEO process is not a jurisdictional prerequisite. *See Irwin*, 498 U.S. at 93-96.  Nonetheless, if he failed to timely initiate the administrative process, dismissal may be appropriate, though not for lack of subject-matter jurisdiction. *Lyons*, 307 F.3d at 1108 (holding that the plaintiff's claims of discriminatory conduct that occurred more than 45 days before initiating EEOC contact were time-barred).  The time limit to initiate the EEO process, then, "is treated like a statute of limitations for filing suit." *Johnson*, 27 F.3d at 416.

*See* 29 C.F.R. § 1614.105(a)(1). And Defendant submits a declaration of Mr. Moore's purported acting supervisor who states that Mr. Moore was specifically informed on April 22, 2012 that if he wanted to file a formal complaint with the EEOC, he had to do so within 45 days. Chen Declaration, ECF No. 32-2 at 2, ¶ 2. On the other hand, in his federal complaint, Mr. Moore alleges that the discriminatory conduct he complains of occurred on June 8, 2011. Complaint, ECF No. 1 at 2. (Mr. Moore did not offer to explanation for why that date—and not April 22, 2011—is the one on which he was removed from his position.)

To rule in Defendant's favor and find Mr. Moore's claims time-barred, the court would need to rely upon Mr. Chen's declaration, and that would require converting Defendant's motion for judgment on the pleadings to a motion for summary judgment.[10] The court is unwilling to do this here where Mr. Moore is proceeding *pro se* and the court has not yet provided him with explicit notice of the standards for summary judgment. (The court will do so now, as the court will simultaneously issue, along with this order, its Notice regarding Legal Help Desk, Handbook for Litigants without a Lawyer, and Legal Standards for Summary Judgment Motions.) Moreover, given the confusion regarding the date the alleged discrimination occurred—April 22, 2011, as Defendant argues, versus June 8, 2011, as Mr. Moore alleges—the court believes the best course of action is to allow Mr. Moore to file a First Amended Complaint.[11] The court then may take up Defendant's statute of limitations argument upon a more full record and with clear notice to Mr. Moore.

---

[10] The court would need to do so because the 45-day period can be extended "when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a)(2). Defendant submits the declaration of Mr. Chen to show that Mr. Moore was aware of the deadline, and so no extension would be appropriate.

[11] The court does note that if Mr. Moore's termination was effective on April 22, 2011, then it would appear that his claims are time-barred. *See* 29 C.F.R. § 1614.105(a)(1). Indeed, the EEOC dismissed Mr. Moore's EEOC charges for exactly this reason. Sladden Declaration, ECF No. 32-1 at 5-7.

## V.  CONCLUSION

Based on the foregoing, the court **GRANTS** Defendant's motion and **DISMISSES WITHOUT PREJUDICE** Mr. Moore's complaint.  He may file a First Amended Complaint within 21 days from the date of this order.

**IT IS SO ORDERED.**

Dated: July 19, 2012

_____
LAUREL BEELER
United States Magistrate Judge

C 11-05517 LB
ORDER

**UNITED STATES DISTRICT COURT**
For the Northern District of California