UNITED STATES DISTRICT COURT
For the Northern District of California

1

2

3

4

5

6

7

8                           UNITED STATES  DISTRICT COURT

9                            Northern District of California

10                              San Francisco Division

11   LONNIE MOORE III,                        No. C 11-05517 LB

12              Plaintiff,              **ORDER GRANTING DEFENDANT'S
                                        MOTION TO DISMISS PLAINTIFF'S
13        v.                            FIRST AMENDED COMPLAINT**

14   PATRICK R DONAHOE,                        [Re: ECF No. 42]

15              Defendant.
     _____/

16                            **I.  INTRODUCTION**

17      Plaintiff Lonnie Moore III ("Mr. Moore") brings this employment discrimination action against

18   Defendant Patrick Donahoe ("Defendant") in his official capacity as Postmaster General of the

19   United States Postal Service ("USPS").  Defendant now moves to dismiss Mr. Moore's First

20   Amended Complaint.  Upon consideration of the papers submitted and applicable authority, the

21   court **GRANTS** Defendant's motion and **DISMISSES** Mr. Moore's complaint **WITHOUT**

22   **PREJUDICE**.[1]

23   ///

24   ///

25   ///

26

27   _____

28       [1] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination
     without oral argument and **VACATES** the October 4, 2012 hearing.

**II.  BACKGROUND**[2]

Mr. Moore was employed by the USPS as a Letter Carrier at its Bayview Station in San Francisco, California.  Sladden Declaration, Ex. A, ECF No. 32-1 at 5.[3]  On April 12, 2011, Mr. Moore, along with a union representative, participated in an investigative interview regarding his irregular attendance.  *Id*. at 4-5.  On April 22, 2011, the USPS issued a formal Letter of Removal to Mr. Moore.  *Id*. at 4.[4]  Mr. Moore signed the Letter of Removal that same day.  *Id*.

On July 1, 2011—70 days after he signed the Letter of Removal—Mr. Moore contacted the EEO and requested pre-complaint processing.  *Id*. at 5.  He was issued a Notice of Right to File an Individual Complaint of Discrimination on August 31, 2011.  *Id*.

Mr. Moore did so on September 12, 2011.  *Id*.  He alleged discrimination based on race (African-American), color (black), sex (male), retaliation (unspecified) and disability ("I was sick.").  *Id*. at 4.  On September 26, 2011, the EEOC issued a Dismissal of Formal EEO Complaint that dismissed Mr. Moore's complaint because he did not make initial contact with the EEO within 45 days of the allegedly discriminatory act—here, his removal on April 22, 2011.  *Id*. at 5 (citing 29 C.F.R. § 1614.10(a)(1)).  The Dismissal stated that Mr. Moore either could file an appeal with the Federal Equal Employment Opportunity Commission ("EEOC") within 30 days of his receipt of the Dismissal, or he could file a civil action with the appropriate United States District Court within 90 days of his receipt of the Dismissal.  *Id*. at 8-9.

---

[2] Because neither Mr. Moore's original complaint nor his First Amended Complaint contains many factual allegations, the "Background" section of this order is based not only on the allegations in those complaints but also on the complete version of the EEOC's Dismissal of Formal EEO Complaint (of which Mr. Moore attached two of six pages to his complaint).  *See* Complaint, ECF No. 1; Sladden Declaration, Ex. A, ECF No. 32-1; First Amended Complaint ("FAC"), ECF No. 41.

[3] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[4] Although the Letter of Removal was issued to Mr. Moore on April 22, 2011, it is dated April 20, 2011.  *See* Sladden Declaration, Ex. A, ECF No. 32-1 at 4.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1   It appears that Mr. Moore chose the latter option.[5]  He instituted this employment discrimination

2   action against Defendant in this court on November 14, 2011.  Complaint, ECF No. 1.  His original

3   form complaint appears to have alleged violations of: (1) Title VII of the Civil Rights Act of 1964,

4   as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*.; (2) the Americans with Disabilities Act of 1990

5   ("ADA"), 12 U.S.C. § 12101, *et seq*., as amended by the Americans with Disability Act

6   Amendments Act of 2008, P.L. 110-325; (3) and the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.  *Id*.

7   at 1-2.  He alleged that Defendant failed to employ him, terminated his employment, and failed to

8   promote him.  *Id*.  He also alleged that the discrimination occurred on June 8, 2011, that he filed

9   charges with the EEOC or the California Department of Fair Employment and Housing ("DFEH")

10  on that same day, and that the EEOC issued a Notice-of-Right-to-Sue letter, which he received on

11  September 26, 2011.  *Id*. at 2-3.  He attached to his complaint the first and last pages of the EEOC's

12  dismissal of his formal charges.  *Id*. at 4-5.  He did not attach the second, third, fourth, and fifth

13  pages of the dismissal.

14      On June 5, 2012, Defendant filed a motion under Federal Rule of Civil Procedure 12(c) for

15  judgment on the pleadings, asserting that Mr. Moore failed to allege facts to support his claims, and,

16  even if he did, failed to timely exhaust his administrative remedies.  Rule 12(c) Motion, ECF No.

17  32.[6]  On June 28, 2012, Mr. Moore timely filed an opposition to Defendant's motion.  Opposition to

18  Rule 12(c) Motion, ECF No. 33; *see* Fed. R. Civ. P. 6(d); N.D. Cal. Civ. L.R. 7-3(a).  He then filed a

19

20      [5] As the court pointed out in its 7/19/2012 Order, Mr. Moore may also have tried to file an

21  appeal with the EEOC.  7/19/2012 Order, ECF No. 38 at 2 n.3.  Along with the first and sixth pages
    of the Dismissal, Mr. Moore also attached a three-page document dated October 11, 2011 that is

22  titled "Appeal to the Equal Employment Opportunity Commission."  Complaint, ECF No. 1 at 6-8.
    In it, Mr. Moore states that his case is for disability discrimination and is "not race[-]related."  *Id*. at

23  6; *see also id*. ("Stop saying my case is race[-]related.  It is clearly not!  The EEOC meeting was not

24  about race, but irregular attendance due to my disability.").  It is unclear, however, if Mr. Moore
    ever filed this document with the EEOC or not.  *See id*.

25

26      [6] Defendant brings his motion pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of

27  subject-matter jurisdiction), (12(b)(6) (failure to state a claim upon which relief can be granted),
    12(c) (judgment on the pleadings), and 12(h)(3) (lack of subject-matter jurisdiction).  Because

28  Defendant has already answered Mr. Moore's complaint, all of these bases are properly examined as
    a motion pursuant to Rule 12(c).

1    supplemental opposition.  Supplemental Opposition to Rule 12(c) Motion, ECF No. 34.  Defendant's

2    reply addressed both of Mr. Moore's oppositions.  Reply re: Rule 12(c) Motion, ECF No. 36.  On

3    July 19, 2012, the court held a hearing on Defendant's motion.  7/19/2012 Minute Order, ECF No.

4    37.

5        On July 19, 2012, the court granted Defendant's motion and dismissed Mr. Moore's original

6    complaint without prejudice.  In sum, the court ruled as follows:

7    •   Because "[t]he jurisdictional scope of a Title VII claimant's court action depends upon the scope

8        of both the EEOC charge and the EEOC investigation," *Sosa v. Hiraoka*, 920 F.2d 1451, 1456

9        (9th Cir. 1990) (citing *Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472, 1476

10       (9th Cir. 1989)), Defendant argued that Mr. Moore's race, color, and sex discrimination claims

11       should be disregarded and dismissed because Mr. Moore stated in his October 11, 2011 "Appeal

12       to the Equal Employment Opportunity Commission" that his claim is for disability

13       discrimination only.  Rule 12(c) Motion, ECF No. 32 at 9 (citing Complaint, ECF No. 1 at 6).

14       But because the EEOC's Dismissal mentioned Mr. Moore's race, color, and sex discrimination

15       claims, the court addressed all of Mr. Moore's potential claims in its order.  7/19/2012 Order,

16       ECF No. 38 at 4-5.

17   •   The court dismissed without prejudice Mr. Moore's Title VII race, color, and sex discrimination

18       claims.  *Id.* at 5-6.  After setting forth in detail the applicable legal standard and pleading

19       requirements for a Title VII disability claim, the court noted that although the EEOC's dismissal

20       stated that Mr. Moore brought before it claims for race, color, and sex discrimination, Sladden

21       Declaration, Ex. A, ECF No. 32-1 at 4, his federal complaint did not mention them at all, *see*

22       *generally* Complaint, ECF No. 1.  *See also id.* at 2 (When given the opportunity, on the form

23       complaint he used, to indicate what type of discrimination he alleges, he did not mark "My race

24       or color," "My religion," "My sex," or "My national origin," and instead only marked "Other as

25       specified below.").

26   •   The court dismissed without prejudice Mr. Moore's Title VII retaliation claim.  7/19/2012 Order,

27       ECF No. 32 at 6-7.  After setting forth in detail the applicable legal standard and pleading

28       requirements for a Title VII retaliation claim, the court noted that while the EEOC's Dismissal

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   stated that Mr. Moore brought before it an unspecified retaliation claim, Sladden Declaration,

2   Ex. A, ECF No. 32-1 at 4, he alleged no facts—such as that he engaged in a protected activity

3   and that it was causally linked to his removal—in his federal complaint in support of it.

4   7/19/2012 Order, ECF No. 32 at 6-7.

5   • Because Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, provides the exclusive remedy

6   for federal employees claiming discrimination based on disability, *Johnston v. Horne*, 875 F.2d

7   1415, 1420 (9th Cir. 1989), *overruled on other grounds*, *Irwin v. Dep't of Veterans Affairs*, 498

8   U.S. 89 (1990), the court dismissed with prejudice Mr. Moore's disability discrimination claim

9   to the extent it was based on the ADA.  7/19/2012 Order, ECF No. 32 at 7.

10  • The court dismissed without prejudice Mr. Moore's disability discrimination claim to the extent

11  it was based on the Rehabilitation Act.  *Id*. at 7-8.  After setting forth in detail the applicable

12  legal standard and pleading requirements for such a claim, the court concluded that Mr. Moore

13  did not sufficiently allege one.  *Id*.  The court noted that Mr. Moore did not identify or allege any

14  facts to demonstrate that he has a "disability" or that he is a "qualified individual" who, with or

15  without reasonable accommodation for his "disability," is capable of performing the essential

16  functions of his job.  *Id*.

17  • The court found Defendant's statute of limitations argument to be premature at that time.  *Id*. at

18  8-10.  The court explained:

19       In order to bring a claim under Title VII or the Rehabilitation Act, a federal
     employee must timely exhaust his or her available administrative remedies.  *See*
20   *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) (Rehabilitation Act
     context); *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002) (Title VII context).
21   Under federal regulations promulgated by the EEOC, a federal employee complaining
     of discrimination by a governmental agency "must consult a[n EEO] Counselor prior
22   to filing a complaint in order to try to informally resolve the matter,' 29 C.F.R. §
     1614.105(a), and he or she "must initiate contact with a Counselor within 45 days of
23   the date of the matter alleged to be discriminatory," 29 C.F.R. § 1614.105(a)(1).
     "Although it does not carry the full weight of statutory authority, failure to comply
24   with this regulation has been held to be fatal to a federal employee's discrimination
     claim." *Lyons*, 307 F.3d at 1105 (citing *Johnson v. United States Treasury Dept.*, 27
25   F.3d 415, 416 (9th Cir.1994) (per curiam)).

26       The court does not believe that dismissal with prejudice is warranted, at least at
     this time.  On one hand, Mr. Moore signed the Letter of Removal on April 22, 2012,
27   which would appear to have triggered the start of the 45-day period within which Mr.
     Moore had to initiate the EEOC process.  *See* 29 C.F.R. § 1614.105(a)(1).  And
28   Defendant submits a declaration of Mr. Moore's purported acting supervisor who

UNITED STATES DISTRICT COURT
For the Northern District of California

states that Mr. Moore was specifically informed on April 22, 2012 that if he wanted to file a formal complaint with the EEOC, he had to do so within 45 days.  Chen Declaration, ECF No. 32-2 at 2, ¶ 2.  On the other hand, in his federal complaint, Mr. Moore alleges that the discriminatory conduct he complains of occurred on June 8, 2011.  Complaint, ECF No. 1 at 2.  (Mr. Moore did not offer [an] explanation for why that date—and not April 22, 2011—is the one on which he was removed from his position.)

To rule in Defendant's favor and find Mr. Moore's claims time-barred, the court would need to rely upon Mr. Chen's declaration, and that would require converting Defendant's motion for judgment on the pleadings to a motion for summary judgment.  The court is unwilling to do this here where Mr. Moore is proceeding *pro se* and the court has not yet provided him with explicit notice of the standards for summary judgment.  (The court will do so now, as the court will simultaneously issue, along with this order, its Notice regarding Legal Help Desk, Handbook for Litigants without a Lawyer, and Legal Standards for Summary Judgment Motions.)  Moreover, given the confusion regarding the date the alleged discrimination occurred—April 22, 2011, as Defendant argues, versus June 8, 2011, as Mr. Moore alleges—the court believes the best course of action is to allow Mr. Moore to file a First Amended Complaint.  The court then may take up Defendant's statute of limitations argument upon a more full record and with clear notice to Mr. Moore.

*Id.* at 8-10 (footnotes omitted).  The court granted Mr. Moore leave to file a First Amended Complaint no later than August 9, 2012.  7/19/2012 Order, ECF No. 38.

On August 3, 2012, Mr. Moore filed a filed a twenty-eight page document titled "Order Granting Lonnie Moore III Opposition, Summary Judgment (Oppose Packet) First Amended Complaint."  First Amended Complaint ("FAC"), ECF No. 41.  Pages 1 through 7 appear to be a motion for summary judgment.[7]  *Id.* at 1-7.  Pages 8 and 9 include lists of the members of the Patent Local Rules Subcommittee, certain unknown rules, and certain Habeas Corpus Local Rules.  *Id.* at 8-10.  Pages 10 through 12 appear to a copy of the USPS's formal Letter of Removal issued to, and signed by, Mr. Moore on April 22, 2011.  *Id.* at 10-12.  Page 13 is a notarized "California Copy Certification by Document Custodian" regarding an unspecified document.  *Id.* at 13.

Pages 14 through 17 is an "Individual Complaint Discrimination of Lonnie Moore III" that presumably is Mr. Moore's First Amended Complaint.  *Id.* at 14-17.  For the sake of completeness and clarity, the court quotes the substantive text from these pages in full:

My Removal letter was issued to me on April 22, 2011.  I requested Pre-

---

[7] To the extent Mr. Moore meant this document to be a motion for summary judgment, it is **DENIED** because that would mean that there was no operative complaint on file at that time and because the "motion" does not comply with the court's civil local rules.  *See* N.D. Cal. Civ. L.R. 7.

Complaint Counseling on 6/8/2011. Lili Beaumont[,] President of the Golden Gate Branch 214 (NALC) National Association of Letter Carriers, AFL-CIO, decided to pursue a grievance on my behalf on 6/15/2011. Lili Beaumont, President of the Golden Gate Branch 214 (NALC) AFL-CIO, said to me in a signed letter dated on 6/17/2011, the best way to represent me in my grievance was to (1) Give her a statement from me describing the timeline from 4/22/2011 (letter was issued), to 6/8/2011, (3) Copies of any document that were signed by you and your supervisor and your manager, Julio Telis, "Giving you a fresh start on Second Chance," on 4/22/2011. Please provide this information to me[,] Lili Beaumont[,] President of the Golden Gate Branch 214 (NALC) National Association of Letter Carriers, AFL-CIO[,] as soon as possible – but no later than June 27, 2011.

The Parties involved in my removal, associated with the Golden Gate Branch 214 (NALC) AFL-CIO[,] are as follows: Lili Beaumont, Bill Thornton, Bradford Louis, Vicky Sawicki, Joshua Javaheri, Franklin Woo, Roberta Bojo, Juan Dominguez, Berta Quezada, Karen Schuler, Cathy Simonson, Carmen Gonzalez, Edwina Wu, Ivans Lauersons, Larry Gerigk, Daniel Soohoo, Tim O'Malley, Chris Jackson, Karen Eshabarr, Ron Calung, Charles Gonzales, Jun Buccat, Stanly Lew, Norma Leonardo, Sheila Gardner, Mike Callahan, Kim Trong, Gerry Lee, Bryant Almario, Brian Voigt.

The Parties involved in my removal, Postal Offical's [sic] and worker's [sic] are as follows: Ravi Bainiwal, Raj Sanghera, Julio Telis, Ireneo Paredes, Roland Maples, Michael Cooper, Renita Jones, and David Chen.

The Parties involved in my removal associated with the [EEO] and [EEOC] are as follows: Robert J. Barnhart, Pattie Middleton, Carlton M. Hadden, Maria Pell, Trent D. Andrews, Thomas C. Anschutz ("Contract EEO Investigator["]).

The Parties involved in the cover-up in Case No. C-11-5517 LB are as follows: Melinda Haag (CABN 132612), Joann M. Swanson (CSBN 88143), Jonathan U. Lee (SBN 148792) and Melissa K.B. Sladden (CSBN 203307) Assistant United States Attorney, (Defendant) Patrick R. Donahoe (Post Master General), (USPS) (Wincy Wong). Conclusion.

All Parties, stated through-out my Individual Complaint of Discrimination, viloiated [sic] California Penal Code Act I, II, III, IV, Victims of Crime (OVC) Act of 1984, Federal Rule's of Civil Procedure's, Federal tort Claims Act (28 U.S.C. § 1346(b)), Court of Claims (28 U.S.C. § 171), Tucker Act (28 U.S.C.A. § 1346[a][2], 1441), Pursuant to Express provision a written law, Pursuant to Cause of Action, Pursuant to Due Process Clause of the Fith [sic] and Fourteenth Amendments, Pursuant to Ex Post Facto Clause, Copyright Act 17 U.S.C. § 512(g)(3)(D), Trademark Laws of the U.S.A., Lanham Act Sec. 15 U.S.C. 1125(a)(1)(A), Pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b). Pursuant to Common law and State Statutory Claims, 28 U.S.C. § 1367, Pursuant to 42 U.S.C. § 1985 – Conspiracy to interfere with Civil Rights, and last, Not less, 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights, and Weingarten Rights."

*Id.* The court considers these four pages to be Mr. Moore's First Amended Complaint.

Pages 18 through 26 contain an document titled "Opposition to Motion Packet." *Id.* at 18-26. It is unclear what this document is in opposition to, although the court guesses that it might be in opposition to either Defendant's Rule 12(c) motion or the court's 7/19/2012 Order granting it. In

UNITED STATES DISTRICT COURT
For the Northern District of California

1   any case, it primarily states that he has evidence to support his case, that Defendant has none in its

2   defense, and that numerous individuals associated with this case have committed perjury.  And the

3   last two pages are copies of an envelope.  *Id.* at 27-28.

4        On August 17, 2012, Defendant filed a motion under Federal Rules of Civil Procedure 12(b)(1)

5   and 12(b)(6) to dismiss Mr. Moore's First Amended Complaint.  Motion to Dismiss, ECF No. 42.

6   Mr. Moore filed an opposition on August 30, 2012.  Opposition, ECF No. 45.[8]  Defendant filed a

7   reply on September 6, 2012.  Reply, ECF No. 43.

8   **III.  LEGAL STANDARD**

9   **A.  <u>Rule 12(b)(1)</u>**

10       Federal courts are courts of limited jurisdiction; thus, the court presumes lack of jurisdiction, and

11  the party seeking to invoke the court's jurisdiction bears the burden of proving that jurisdiction

12  exists.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Federal Rule of Civil

13  Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter

14  of the complaint.  *See* Fed. R. Civ. Pro. 12(b)(1).  The party invoking the jurisdiction of the federal

15  court bears the burden of establishing that the court has the requisite subject matter jurisdiction to

16  grant the relief requested.  *See Kokkonen*, 511 U.S. at 377 (1994) (citation omitted).

17       A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal

18  jurisdiction either "facially" or "factually."  *Thornhill Pub'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*,

19  594 F.2d 730, 733 (9th Cir. 1979).  When the complaint is challenged for lack of subject matter

20  jurisdiction on its face, all material allegations in the complaint will be taken as true and construed

21  in the light most favorable to the plaintiff.  *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

22  In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumption

23  of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not

24

25      [8] Although Mr. Moore filed his opposition on August 30, 2012, because of an error in the

26  Clerk of the Court's office, the document was not uploaded to the court's ECF system until
    September 25, 2012.  The court apologizes for any inconvenience this may have caused.  It appears

27  that it did not actually prejudice Defendant, however, because Defendant was served with the
    opposition and even attached it to his reply for the court's convenience.  Reply, ECF No. 43, Ex. A.

28  The court thanks Defendant for doing so.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the

2   plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed.*

3   *Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  "In resolving a factual attack on

4   jurisdiction, the district court may review evidence beyond the complaint without converting the

5   motion to dismiss into a motion for summary judgment." *Safe Air v. Meyer*, 373 F.3d 1035, 1039

6   (9th Cir. 2004).

7   **B. Rule 12(b)(6)**

8       A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does

9   not contain enough facts to state a claim to relief that is plausible on its face.  *See Bell Atlantic Corp.*

10  *v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads

11  factual content that allows the court to draw the reasonable inference that the defendant is liable for

12  the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard

13  is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

14  defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.).  "While a complaint

15  attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

16  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

17  conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual

18  allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S.

19  at 555 (internal citations and parentheticals omitted).

20      In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true

21  and construe them in the light most favorable to the plaintiff.  *See id.* at 550; *Erickson v. Pardus*, 551

22  U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

23      If the court dismisses the complaint, it should grant leave to amend even if no request to amend

24  is made "unless it determines that the pleading could not possibly be cured by the allegation of other

25  facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc.*

26  *v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party

27  repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See*

28  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim

2   with leave to amend).

3                                          **IV.  DISCUSSION**

4       A.  <u>**Mr. Moore's Previously Alleged Claims for Race, Color, Sex, and Disability**</u>

5           <u>**Discrimination and for Retaliation**</u>

6           As the court summarized above, in his original complaint, Mr. Moore alleged claims for race,

7   color, sex discrimination, and retaliation in violation of Title VII, and for disability discrimination in

8   violation of the ADA and the Rehabilitation Act.  The court dismissed with prejudice Mr. Moore's

9   claim under the ADA and dismissed without prejudice his other claims because he provided almost

10  no factual allegations in support of them.

11          His four-page First Amended Complaint does not re-allege these claims in the typical fashion.

12  In fact, it does not even mention them at all.  *See generally* FAC, ECF No. 41 at 14-17.  Even if the

13  court considers Mr. Moore to have re-alleged these claims, he clearly has not added additional

14  factual allegations to support them, as the court instructed him was necessary.  Indeed, in its

15  7/19/2012 Order, the court provided Mr. Moore with the applicable legal standards and informed

16  him of the elements for each of the claims he brings.  Mr. Moore nevertheless failed to sufficiently

17  his amend his complaint.

18          Still, the court will give Mr. Moore one last chance to do so.  Given how confusing the document

19  that Mr. Moore filed on August 3, 2012 is, the court believes that it is possible that Mr. Moore

20  misunderstood his task.[9]  So, no later than October 19, 2012, Mr. Moore may file a document titled

21  "Second Amended Complaint."  In it—keeping in mind the legal standards set forth by the court in

22  its July 19, 2012 Order—he may attempt to allege facts to support his claims for race, color, sex

23  discrimination, and retaliation in violation of Title VII, and for disability discrimination in violation

24  of the Rehabilitation Act.  Should he fail to sufficiently allege these claims, he risks the possibility

25  that his claims will be dismissed with prejudice.  For now, though, his claims are **DISMISSED**

26

27

28          [9] For this reason, the court again declines to convert Defendant's motion to dismiss into a
    motion for summary judgment and rule on Defendant's statute of limitation argument at this time.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    **WITHOUT PREJUDICE**.

2    **B.  Mr. Moore's New Claims**

3        As described above, Mr. Moore alleges in his First Amended Complaint, with no factual support

4    whatsoever, claims for violation of a host of rules and statutes that were not mentioned in the

5    original complaint.  FAC, ECF No. 41 at 16-17.  He simply lists them in a single paragraph.  *Id*.

6        All of these claims are insufficiently pled.  Even so, many of the claims would fail for other

7    reasons.  Many of the claims are based on rules rather than statutes (e.g., the Federal Rules of Civil

8    Procedure), or on constitutional provisions or statutes that have no relationship at all to this action

9    (e.g., the Fifth Amendment; "the Trademark Laws of the United States"; the Lanham Act, 15 U.S.C.

10   § 1051 et seq.; the Copyright Act, 17 U.S.C. § 512), or on statutes that do not allow for a private

11   right of action (e.g., the "California Penal Code Acts I, II, III, IV"; the Victims of Crime Act of

12   1984, 42 U.S.C. § 10601 et seq.).  Mr. Moore's claims for violation of 42 U.S.C. § 1983 and 1985(3)

13   also are not viable because the deprivation of a right created by Title VII or the Rehabilitation Act

14   cannot be a cause of action under those statutes.  *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*,

15   442 U.S. 366, 372 (1979); *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002); *White v. Gen.*

16   *Servs. Admin.*, 652 F.2d 913, 916 (9th Cir. 1981).  Mr. Moore's claim for violation of the Fourteenth

17   Amendment also fails because such a claim can be brought only though Section 1983.  *See Johnson*

18   *v. Sutter Delta Medical Center*, No. C 11–03628 SI, 2011 WL 5444319, at *3 (N.D. Cal. Nov. 9,

19   2011) (citing *City of Boerne v. Flores*, 521 U.S. 507, 518–519 (1997)).  In addition, as Defendant

20   points out, other statutes, such as the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and the Tucker

21   Act, 28 U.S.C. § 1346(a), require Mr. Moore to show that the United States has waived its sovereign

22   immunity and that he exhausted his administrative remedies, and he has not done that.

23       "Although pro se pleadings are liberally construed . . . a pro se plaintiff must still satisfy the

24   pleading requirements of Federal Rule of Civil Procedure 8(a)."  *Jackson v. Napolitano*, CV-09-

25   1822-PHX-LOA, 2010 WL 94110 at *2 (D. Ariz. Jan. 5, 2010) (granting defendant's motion to

26   dismiss pro se complaint for failure to state claim for disability discrimination) (internal citations

27   omitted).  "Neither the Court nor the defendants should be compelled to cull through pages of

28   rambling narrative, argument and needless digression to discover the factual bases for plaintiffs'

1    claims." *Jacobson v. Schwarzenegger*, 226 F.R.D. 395, 397 (C.D. Cal. 2005) (dismissing

2    complaint pursuant to Rule 8); *Sevilla v. Terhune*, No. 1:06-cv-00172-LJO-WMW, 2009 WL

3    1211393 at *1 (E.D. Cal. May 1, 2009) (same).[10]

4          Rather than go through each constitutional provision, statute, or rule cited by Mr. Moore, and in

5    light of the complete lack of related factual allegations, the court simply will dismiss his new claims

6    without prejudice.  Above, the court provided some guidance to Mr. Moore about whether these new

7    claims are viable or not.  Should Mr. Moore include them—and factual allegations to support

8    them—in his Second Amended Complaint, the court will address them in more detail at that time.

9    For now, the claims Mr. Moore attempts to allege in his First Amended Complaint are **DISMISSED**

10   **WITHOUT PREJUDICE**.

11                                    **V.  CONCLUSION**

12         Based on the foregoing, the court **GRANTS** Defendant's motion and **DISMISSES WITHOUT**

13   **PREJUDICE** Mr. Moore's First Amended Complaint.  He may file a Second Amended Complaint

14   no later than October 31, 2012.  Because Defendant's counsel is on medical leave until November

15   30, 2012, Defendant shall have until December 14, 2012 to answer or otherwise respond to Mr.

16   Moore's Second Amended Complaint.

17         **IT IS SO ORDERED.**

18   Dated: October 3, 2012

19                                    _____
                                      LAUREL BEELER
20                                    United States Magistrate Judge

21         [10] As Defendant notes, the Ninth Circuit has recognized the attendant dangers of allowing an

22   incoherent complaint to stand.  *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996)
     (affirming, grant of motion to dismiss pursuant to Rule 8 and Rule 12(e)).  In *McHenry*, plaintiffs

23   filed a lengthy complaint that contained several irrelevant allegations, political gripes, and failed to
     provide the defendants with notice as to the actions they allegedly undertook that violated plaintiff's

24   civil rights.  In reviewing the complaint, the court stated, "[p]rolix, confusing complaints...impose
     unfair burdens on litigants and judges . . . the judge and opposing counsel, in order to perform their

25   responsibilities, . . . must prepare outlines to determine who is being sued for what.  Defendants are

26   then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with
     something new at trial which they reasonably did not understand to be in the case at all . . . ."  *Id*. at

27   1179.  The court went onto note that confusing complaints leads to discovery disputes and lengthy

28   trials, prejudicing litigants and others who follow the rules.  *Id*. at 1180.