UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| LONNIE MOORE III, | No. C 11-05517 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| PATRICK R DONAHOE, | [Re: ECF No. 42] |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Lonnie Moore III ("Mr. Moore") brings this employment discrimination action against Defendant Patrick Donahoe ("Defendant") in his official capacity as Postmaster General of the United States Postal Service ("USPS"). Defendant now moves to dismiss Mr. Moore's First Amended Complaint. Upon consideration of the papers submitted and applicable authority, the court **GRANTS** Defendant's motion and **DISMISSES** Mr. Moore's complaint **WITHOUT PREJUDICE**.[1]

///

///

///

---

[1] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **VACATES** the October 4, 2012 hearing.

## II. BACKGROUND[2]

Mr. Moore was employed by the USPS as a Letter Carrier at its Bayview Station in San Francisco, California. Sladden Declaration, Ex. A, ECF No. 32-1 at 5.[3] On April 12, 2011, Mr. Moore, along with a union representative, participated in an investigative interview regarding his irregular attendance. *Id*. at 4-5. On April 22, 2011, the USPS issued a formal Letter of Removal to Mr. Moore. *Id*. at 4.[4] Mr. Moore signed the Letter of Removal that same day. *Id*.

On July 1, 2011—70 days after he signed the Letter of Removal—Mr. Moore contacted the EEO and requested pre-complaint processing. *Id*. at 5. He was issued a Notice of Right to File an Individual Complaint of Discrimination on August 31, 2011. *Id*.

Mr. Moore did so on September 12, 2011. *Id*. He alleged discrimination based on race (African-American), color (black), sex (male), retaliation (unspecified) and disability ("I was sick."). *Id*. at 4. On September 26, 2011, the EEOC issued a Dismissal of Formal EEO Complaint that dismissed Mr. Moore's complaint because he did not make initial contact with the EEO within 45 days of the allegedly discriminatory act—here, his removal on April 22, 2011. *Id*. at 5 (citing 29 C.F.R. § 1614.10(a)(1)). The Dismissal stated that Mr. Moore either could file an appeal with the Federal Equal Employment Opportunity Commission ("EEOC") within 30 days of his receipt of the Dismissal, or he could file a civil action with the appropriate United States District Court within 90 days of his receipt of the Dismissal. *Id*. at 8-9.

---

[2] Because neither Mr. Moore's original complaint nor his First Amended Complaint contains many factual allegations, the "Background" section of this order is based not only on the allegations in those complaints but also on the complete version of the EEOC's Dismissal of Formal EEO Complaint (of which Mr. Moore attached two of six pages to his complaint). *See* Complaint, ECF No. 1; Sladden Declaration, Ex. A, ECF No. 32-1; First Amended Complaint ("FAC"), ECF No. 41.

[3] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[4] Although the Letter of Removal was issued to Mr. Moore on April 22, 2011, it is dated April 20, 2011. *See* Sladden Declaration, Ex. A, ECF No. 32-1 at 4.

It appears that Mr. Moore chose the latter option.[5] He instituted this employment discrimination action against Defendant in this court on November 14, 2011. Complaint, ECF No. 1. His original form complaint appears to have alleged violations of: (1) Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*; (2) the Americans with Disabilities Act of 1990 ("ADA"), 12 U.S.C. § 12101, *et seq.*, as amended by the Americans with Disability Act Amendments Act of 2008, P.L. 110-325; (3) and the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. *Id*. at 1-2. He alleged that Defendant failed to employ him, terminated his employment, and failed to promote him. *Id*. He also alleged that the discrimination occurred on June 8, 2011, that he filed charges with the EEOC or the California Department of Fair Employment and Housing ("DFEH") on that same day, and that the EEOC issued a Notice-of-Right-to-Sue letter, which he received on September 26, 2011. *Id*. at 2-3. He attached to his complaint the first and last pages of the EEOC's dismissal of his formal charges. *Id*. at 4-5. He did not attach the second, third, fourth, and fifth pages of the dismissal.

On June 5, 2012, Defendant filed a motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings, asserting that Mr. Moore failed to allege facts to support his claims, and, even if he did, failed to timely exhaust his administrative remedies. Rule 12(c) Motion, ECF No. 32.[6] On June 28, 2012, Mr. Moore timely filed an opposition to Defendant's motion. Opposition to Rule 12(c) Motion, ECF No. 33; *see* Fed. R. Civ. P. 6(d); N.D. Cal. Civ. L.R. 7-3(a). He then filed a

---

[5] As the court pointed out in its 7/19/2012 Order, Mr. Moore may also have tried to file an appeal with the EEOC. 7/19/2012 Order, ECF No. 38 at 2 n.3. Along with the first and sixth pages of the Dismissal, Mr. Moore also attached a three-page document dated October 11, 2011 that is titled "Appeal to the Equal Employment Opportunity Commission." Complaint, ECF No. 1 at 6-8. In it, Mr. Moore states that his case is for disability discrimination and is "not race[-]related." *Id*. at 6; *see also id*. ("Stop saying my case is race[-]related. It is clearly not! The EEOC meeting was not about race, but irregular attendance due to my disability."). It is unclear, however, if Mr. Moore ever filed this document with the EEOC or not. *See id*.

[6] Defendant brings his motion pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction), (12(b)(6) (failure to state a claim upon which relief can be granted), 12(c) (judgment on the pleadings), and 12(h)(3) (lack of subject-matter jurisdiction). Because Defendant has already answered Mr. Moore's complaint, all of these bases are properly examined as a motion pursuant to Rule 12(c).

1  supplemental opposition. Supplemental Opposition to Rule 12(c) Motion, ECF No. 34. Defendant's
2  reply addressed both of Mr. Moore's oppositions. Reply re: Rule 12(c) Motion, ECF No. 36. On
3  July 19, 2012, the court held a hearing on Defendant's motion. 7/19/2012 Minute Order, ECF No.
4  37.

    On July 19, 2012, the court granted Defendant's motion and dismissed Mr. Moore's original complaint without prejudice. In sum, the court ruled as follows:

- Because "[t]he jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation," *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (citing *Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472, 1476 (9th Cir. 1989)), Defendant argued that Mr. Moore's race, color, and sex discrimination claims should be disregarded and dismissed because Mr. Moore stated in his October 11, 2011 "Appeal to the Equal Employment Opportunity Commission" that his claim is for disability discrimination only. Rule 12(c) Motion, ECF No. 32 at 9 (citing Complaint, ECF No. 1 at 6). But because the EEOC's Dismissal mentioned Mr. Moore's race, color, and sex discrimination claims, the court addressed all of Mr. Moore's potential claims in its order. 7/19/2012 Order, ECF No. 38 at 4-5.

- The court dismissed without prejudice Mr. Moore's Title VII race, color, and sex discrimination claims. *Id*. at 5-6. After setting forth in detail the applicable legal standard and pleading requirements for a Title VII disability claim, the court noted that although the EEOC's dismissal stated that Mr. Moore brought before it claims for race, color, and sex discrimination, Sladden Declaration, Ex. A, ECF No. 32-1 at 4, his federal complaint did not mention them at all, *see generally* Complaint, ECF No. 1. *See also id*. at 2 (When given the opportunity, on the form complaint he used, to indicate what type of discrimination he alleges, he did not mark "My race or color," "My religion," "My sex," or "My national origin," and instead only marked "Other as specified below.").

- The court dismissed without prejudice Mr. Moore's Title VII retaliation claim. 7/19/2012 Order, ECF No. 32 at 6-7. After setting forth in detail the applicable legal standard and pleading requirements for a Title VII retaliation claim, the court noted that while the EEOC's Dismissal

stated that Mr. Moore brought before it an unspecified retaliation claim, Sladden Declaration, Ex. A, ECF No. 32-1 at 4, he alleged no facts—such as that he engaged in a protected activity and that it was causally linked to his removal—in his federal complaint in support of it. 7/19/2012 Order, ECF No. 32 at 6-7.

- Because Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, provides the exclusive remedy for federal employees claiming discrimination based on disability, *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989), *overruled on other grounds*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990), the court dismissed with prejudice Mr. Moore's disability discrimination claim to the extent it was based on the ADA. 7/19/2012 Order, ECF No. 32 at 7.

- The court dismissed without prejudice Mr. Moore's disability discrimination claim to the extent it was based on the Rehabilitation Act. *Id*. at 7-8. After setting forth in detail the applicable legal standard and pleading requirements for such a claim, the court concluded that Mr. Moore did not sufficiently allege one. *Id*. The court noted that Mr. Moore did not identify or allege any facts to demonstrate that he has a "disability" or that he is a "qualified individual" who, with or without reasonable accommodation for his "disability," is capable of performing the essential functions of his job. *Id*.

- The court found Defendant's statute of limitations argument to be premature at that time. *Id*. at 8-10. The court explained:

> In order to bring a claim under Title VII or the Rehabilitation Act, a federal employee must timely exhaust his or her available administrative remedies. *See Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) (Rehabilitation Act context); *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002) (Title VII context). Under federal regulations promulgated by the EEOC, a federal employee complaining of discrimination by a governmental agency "must consult a[n EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter,' 29 C.F.R. § 1614.105(a), and he or she "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory," 29 C.F.R. § 1614.105(a)(1). "Although it does not carry the full weight of statutory authority, failure to comply with this regulation has been held to be fatal to a federal employee's discrimination claim." *Lyons*, 307 F.3d at 1105 (citing *Johnson v. United States Treasury Dept.*, 27 F.3d 415, 416 (9th Cir.1994) (per curiam)).
>
> The court does not believe that dismissal with prejudice is warranted, at least at this time. On one hand, Mr. Moore signed the Letter of Removal on April 22, 2012, which would appear to have triggered the start of the 45-day period within which Mr. Moore had to initiate the EEOC process. *See* 29 C.F.R. § 1614.105(a)(1). And Defendant submits a declaration of Mr. Moore's purported acting supervisor who

states that Mr. Moore was specifically informed on April 22, 2012 that if he wanted to file a formal complaint with the EEOC, he had to do so within 45 days. Chen Declaration, ECF No. 32-2 at 2, ¶ 2. On the other hand, in his federal complaint, Mr. Moore alleges that the discriminatory conduct he complains of occurred on June 8, 2011. Complaint, ECF No. 1 at 2. (Mr. Moore did not offer [an] explanation for why that date—and not April 22, 2011—is the one on which he was removed from his position.)

To rule in Defendant's favor and find Mr. Moore's claims time-barred, the court would need to rely upon Mr. Chen's declaration, and that would require converting Defendant's motion for judgment on the pleadings to a motion for summary judgment. The court is unwilling to do this here where Mr. Moore is proceeding *pro se* and the court has not yet provided him with explicit notice of the standards for summary judgment. (The court will do so now, as the court will simultaneously issue, along with this order, its Notice regarding Legal Help Desk, Handbook for Litigants without a Lawyer, and Legal Standards for Summary Judgment Motions.) Moreover, given the confusion regarding the date the alleged discrimination occurred—April 22, 2011, as Defendant argues, versus June 8, 2011, as Mr. Moore alleges—the court believes the best course of action is to allow Mr. Moore to file a First Amended Complaint. The court then may take up Defendant's statute of limitations argument upon a more full record and with clear notice to Mr. Moore.

*Id*. at 8-10 (footnotes omitted). The court granted Mr. Moore leave to file a First Amended Complaint no later than August 9, 2012. 7/19/2012 Order, ECF No. 38.

On August 3, 2012, Mr. Moore filed a filed a twenty-eight page document titled "Order Granting Lonnie Moore III Opposition, Summary Judgment (Oppose Packet) First Amended Complaint." First Amended Complaint ("FAC"), ECF No. 41. Pages 1 through 7 appear to be a motion for summary judgment.[7] *Id*. at 1-7. Pages 8 and 9 include lists of the members of the Patent Local Rules Subcommittee, certain unknown rules, and certain Habeas Corpus Local Rules. *Id*. at 8-10. Pages 10 through 12 appear to a copy of the USPS's formal Letter of Removal issued to, and signed by, Mr. Moore on April 22, 2011. *Id*. at 10-12. Page 13 is a notarized "California Copy Certification by Document Custodian" regarding an unspecified document. *Id*. at 13.

Pages 14 through 17 is an "Individual Complaint Discrimination of Lonnie Moore III" that presumably is Mr. Moore's First Amended Complaint. *Id*. at 14-17. For the sake of completeness and clarity, the court quotes the substantive text from these pages in full:

<u>My Removal</u> letter was issued to me on April 22, 2011. I requested Pre-

---

[7] To the extent Mr. Moore meant this document to be a motion for summary judgment, it is **DENIED** because that would mean that there was no operative complaint on file at that time and because the "motion" does not comply with the court's civil local rules. *See* N.D. Cal. Civ. L.R. 7.

C 11-05517 LB
ORDER
6

UNITED STATES DISTRICT COURT
For the Northern District of California

> Complaint Counseling on 6/8/2011. Lili Beaumont[,] President of the Golden Gate Branch 214 (NALC) National Association of Letter Carriers, AFL-CIO, decided to pursue a grievance on my behalf on 6/15/2011. Lili Beaumont, President of the Golden Gate Branch 214 (NALC) AFL-CIO, said to me in a signed letter dated on 6/17/2011, the best way to represent me in my grievance was to (1) Give her a statement from me describing the timeline from 4/22/2011 (letter was issued), to 6/8/2011, (3) Copies of any document that were signed by you and your supervisor and your manager, Julio Telis, "Giving you a fresh start on Second Chance," on 4/22/2011. Please provide this information to me[,] Lili Beaumont[,] President of the Golden Gate Branch 214 (NALC) National Association of Letter Carriers, AFL-CIO[,] as soon as possible – but no later than June 27, 2011.
>
> <u>The Parties</u> involved in my removal, associated with the Golden Gate Branch 214 (NALC) AFL-CIO[,] are as follows: Lili Beaumont, Bill Thornton, Bradford Louis, Vicky Sawicki, Joshua Javaheri, Franklin Woo, Roberta Bojo, Juan Dominguez, Berta Quezada, Karen Schuler, Cathy Simonson, Carmen Gonzalez, Edwina Wu, Ivans Lauersons, Larry Gerigk, Daniel Soohoo, Tim O'Malley, Chris Jackson, Karen Eshabarr, Ron Calung, Charles Gonzales, Jun Buccat, Stanly Lew, Norma Leonardo, Sheila Gardner, Mike Callahan, Kim Trong, Gerry Lee, Bryant Almario, Brian Voigt.
>
> <u>The Parties</u> involved in my removal, Postal Offical's [sic] and worker's [sic] are as follows: Ravi Bainiwal, Raj Sanghera, Julio Telis, Ireneo Paredes, Roland Maples, Michael Cooper, Renita Jones, and David Chen.
>
> <u>The Parties</u> involved in my removal associated with the [EEO] and [EEOC] are as follows: Robert J. Barnhart, Pattie Middleton, Carlton M. Hadden, Maria Pell, Trent D. Andrews, Thomas C. Anschutz ("Contract EEO Investigator["]).
>
> The Parties involved in the cover-up in Case No. C-11-5517 LB are as follows: Melinda Haag (CABN 132612), Joann M. Swanson (CSBN 88143), Jonathan U. Lee (SBN 148792) and Melissa K.B. Sladden (CSBN 203307) Assistant United States Attorney, (Defendant) Patrick R. Donahoe (Post Master General), (USPS) (Wincy Wong). <u>Conclusion</u>.
>
> All Parties, stated through-out my Individual Complaint of Discrimination, vilolated [sic] California Penal Code Act I, II, III, IV, Victims of Crime (OVC) Act of 1984, Federal Rule's of Civil Procedure's, Federal tort Claims Act (28 U.S.C. § 1346(b)), Court of Claims (28 U.S.C. § 171), Tucker Act (28 U.S.C.A. § 1346[a][2], 1441), Pursuant to Express provision a written law, Pursuant to Cause of Action, Pursuant to Due Process Clause of the Fith [sic] and Fourteenth Amendments, Pursuant to Ex Post Facto Clause, Copyright Act 17 U.S.C. § 512(g)(3)(D), Trademark Laws of the U.S.A., Lanham Act Sec. 15 U.S.C. 1125(a)(1)(A), Pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b). Pursuant to Common law and State Statutory Claims, 28 U.S.C. § 1367, Pursuant to 42 U.S.C. § 1985 – Conspiracy to interfere with Civil Rights, and last, Not less, 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights, and Weingarten Rights."

*Id*. The court considers these four pages to be Mr. Moore's First Amended Complaint.

Pages 18 through 26 contain an document titled "Opposition to Motion Packet." *Id*. at 18-26. It is unclear what this document is in opposition to, although the court guesses that it might be in opposition to either Defendant's Rule 12(c) motion or the court's 7/19/2012 Order granting it. In

C 11-05517 LB
ORDER

any case, it primarily states that he has evidence to support his case, that Defendant has none in its defense, and that numerous individuals associated with this case have committed perjury. And the last two pages are copies of an envelope. *Id*. at 27-28.

On August 17, 2012, Defendant filed a motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Mr. Moore's First Amended Complaint. Motion to Dismiss, ECF No. 42. Mr. Moore filed an opposition on August 30, 2012. Opposition, ECF No. 45.[8] Defendant filed a reply on September 6, 2012. Reply, ECF No. 43.

### III. LEGAL STANDARD

**A. Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction; thus, the court presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. Pro. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen*, 511 U.S. at 377 (1994) (citation omitted).

A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Pub'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not

---

[8] Although Mr. Moore filed his opposition on August 30, 2012, because of an error in the Clerk of the Court's office, the document was not uploaded to the court's ECF system until September 25, 2012. The court apologizes for any inconvenience this may have caused. It appears that it did not actually prejudice Defendant, however, because Defendant was served with the opposition and even attached it to his reply for the court's convenience. Reply, ECF No. 43, Ex. A. The court thanks Defendant for doing so.

preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

**B. Rule 12(b)(6)**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where

1  district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim
2  with leave to amend).

### IV. DISCUSSION

**A. Mr. Moore's Previously Alleged Claims for Race, Color, Sex, and Disability Discrimination and for Retaliation**

As the court summarized above, in his original complaint, Mr. Moore alleged claims for race, color, sex discrimination, and retaliation in violation of Title VII, and for disability discrimination in violation of the ADA and the Rehabilitation Act. The court dismissed with prejudice Mr. Moore's claim under the ADA and dismissed without prejudice his other claims because he provided almost no factual allegations in support of them.

His four-page First Amended Complaint does not re-allege these claims in the typical fashion. In fact, it does not even mention them at all. *See generally* FAC, ECF No. 41 at 14-17. Even if the court considers Mr. Moore to have re-alleged these claims, he clearly has not added additional factual allegations to support them, as the court instructed him was necessary. Indeed, in its 7/19/2012 Order, the court provided Mr. Moore with the applicable legal standards and informed him of the elements for each of the claims he brings. Mr. Moore nevertheless failed to sufficiently his amend his complaint.

Still, the court will give Mr. Moore one last chance to do so. Given how confusing the document that Mr. Moore filed on August 3, 2012 is, the court believes that it is possible that Mr. Moore misunderstood his task.[9] So, no later than October 19, 2012, Mr. Moore may file a document titled "Second Amended Complaint." In it—keeping in mind the legal standards set forth by the court in its July 19, 2012 Order—he may attempt to allege facts to support his claims for race, color, sex discrimination, and retaliation in violation of Title VII, and for disability discrimination in violation of the Rehabilitation Act. Should he fail to sufficiently allege these claims, he risks the possibility that his claims will be dismissed with prejudice. For now, though, his claims are **DISMISSED**

---

[9] For this reason, the court again declines to convert Defendant's motion to dismiss into a motion for summary judgment and rule on Defendant's statute of limitation argument at this time.

1  **WITHOUT PREJUDICE**.

2  **B. <u>Mr. Moore's New Claims</u>**

As described above, Mr. Moore alleges in his First Amended Complaint, with no factual support whatsoever, claims for violation of a host of rules and statutes that were not mentioned in the original complaint. FAC, ECF No. 41 at 16-17. He simply lists them in a single paragraph. *Id*.

All of these claims are insufficiently pled. Even so, many of the claims would fail for other reasons. Many of the claims are based on rules rather than statutes (e.g., the Federal Rules of Civil Procedure), or on constitutional provisions or statutes that have no relationship at all to this action (e.g., the Fifth Amendment; "the Trademark Laws of the United States"; the Lanham Act, 15 U.S.C. § 1051 et seq.; the Copyright Act, 17 U.S.C. § 512), or on statutes that do not allow for a private right of action (e.g., the "California Penal Code Acts I, II, III, IV"; the Victims of Crime Act of 1984, 42 U.S.C. § 10601 et seq.). Mr. Moore's claims for violation of 42 U.S.C. § 1983 and 1985(3) also are not viable because the deprivation of a right created by Title VII or the Rehabilitation Act cannot be a cause of action under those statutes. *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979); *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002); *White v. Gen. Servs. Admin.*, 652 F.2d 913, 916 (9th Cir. 1981). Mr. Moore's claim for violation of the Fourteenth Amendment also fails because such a claim can be brought only though Section 1983. *See Johnson v. Sutter Delta Medical Center*, No. C 11–03628 SI, 2011 WL 5444319, at *3 (N.D. Cal. Nov. 9, 2011) (citing *City of Boerne v. Flores*, 521 U.S. 507, 518–519 (1997)). In addition, as Defendant points out, other statutes, such as the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and the Tucker Act, 28 U.S.C. § 1346(a), require Mr. Moore to show that the United States has waived its sovereign immunity and that he exhausted his administrative remedies, and he has not done that.

"Although pro se pleadings are liberally construed . . . a pro se plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)." *Jackson v. Napolitano*, CV-09-1822-PHX-LOA, 2010 WL 94110 at *2 (D. Ariz. Jan. 5, 2010) (granting defendant's motion to dismiss pro se complaint for failure to state claim for disability discrimination) (internal citations omitted). "Neither the Court nor the defendants should be compelled to cull through pages of rambling narrative, argument and needless digression to discover the factual bases for plaintiffs'

claims." *Jacobson v. Schwarzenegger*, 226 F.R.D. 395, 397 (C.D. Cal. 2005) (dismissing complaint pursuant to Rule 8); *Sevilla v. Terhune*, No. 1:06-cv-00172-LJO-WMW, 2009 WL 1211393 at *1 (E.D. Cal. May 1, 2009) (same).[10]

Rather than go through each constitutional provision, statute, or rule cited by Mr. Moore, and in light of the complete lack of related factual allegations, the court simply will dismiss his new claims without prejudice. Above, the court provided some guidance to Mr. Moore about whether these new claims are viable or not. Should Mr. Moore include them—and factual allegations to support them—in his Second Amended Complaint, the court will address them in more detail at that time. For now, the claims Mr. Moore attempts to allege in his First Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

## V.  CONCLUSION

Based on the foregoing, the court **GRANTS** Defendant's motion and **DISMISSES WITHOUT PREJUDICE** Mr. Moore's First Amended Complaint. He may file a Second Amended Complaint no later than October 31, 2012. Because Defendant's counsel is on medical leave until November 30, 2012, Defendant shall have until December 14, 2012 to answer or otherwise respond to Mr. Moore's Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: October 3, 2012

_____
LAUREL BEELER
United States Magistrate Judge

---

[10] As Defendant notes, the Ninth Circuit has recognized the attendant dangers of allowing an incoherent complaint to stand. *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming, grant of motion to dismiss pursuant to Rule 8 and Rule 12(e)). In *McHenry*, plaintiffs filed a lengthy complaint that contained several irrelevant allegations, political gripes, and failed to provide the defendants with notice as to the actions they allegedly undertook that violated plaintiff's civil rights. In reviewing the complaint, the court stated, "[p]rolix, confusing complaints...impose unfair burdens on litigants and judges . . . the judge and opposing counsel, in order to perform their responsibilities, . . . must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all . . . ." *Id.* at 1179. The court went onto note that confusing complaints leads to discovery disputes and lengthy trials, prejudicing litigants and others who follow the rules. *Id.* at 1180.