UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

LONNIE MOORE III,

                 Plaintiff,

    v.

PATRICK R DONAHOE,

               Defendant.

_____/

No. C 11-05517 LB

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT
WITH PREJUDICE**

[Re: ECF No. 61]

## INTRODUCTION

Plaintiff Lonnie Moore III ("Mr. Moore") brings this employment discrimination action against Defendant Patrick Donahoe ("Defendant") in his official capacity as Postmaster General of the United States Postal Service ("USPS").  Defendant now moves to dismiss Mr. Moore's Second Amended Complaint.  Motion, ECF No. 61; *see* Second Amended Complaint ("SAC"), ECF No. 51. Upon consideration of the papers submitted and applicable authority, the court **GRANTS** Defendant's motion and **DISMISSES** Mr. Moore's complaint **WITH PREJUDICE**.[1]

///

///

---

[1] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **VACATES** the February 7, 2013 hearing.

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1                                  **STATEMENT**[2]

2       Mr. Moore was employed by the USPS as a Letter Carrier at its Bayview Station in San

3 Francisco, California.  SAC, ECF No. 51 at 12; Sladden Declaration, Ex. A, ECF No. 32-1 at 5.[3]  On

4 April 12, 2011, Mr. Moore, along with a union representative, participated in an investigative

5 interview regarding his irregular attendance.  Sladden Declaration, Ex. A, ECF No. 32-1 at 4-5.  On

6 April 22, 2011, the USPS issued a formal Letter of Removal to Mr. Moore.  *Id*. at 4.[4]  Mr. Moore

7 signed the Letter of Removal that same day.  *Id*.

8       On July 1, 2011—70 days after he signed the Letter of Removal—Mr. Moore contacted the EEO

9 and requested pre-complaint processing.  *Id*. at 5.  He was issued a Notice of Right to File an

10 Individual Complaint of Discrimination on August 31, 2011.  *Id*.

11       Mr. Moore did so on September 12, 2011.  *Id*.  He alleged discrimination based on race (African-

12 American), color (black), sex (male), retaliation (unspecified) and disability ("I was sick.").  *Id*. at 4.

13 On September 26, 2011, the EEOC issued a Dismissal of Formal EEO Complaint that dismissed Mr.

14 Moore's complaint because he did not make initial contact with the EEO within 45 days of the

15 allegedly discriminatory act—here, his removal on April 22, 2011.  *Id*. at 5 (citing 29 C.F.R. §

16 1614.10(a)(1)).  The Dismissal stated that Mr. Moore either could file an appeal with the Federal

17 Equal Employment Opportunity Commission ("EEOC") within 30 days of his receipt of the

18 Dismissal, or he could file a civil action with the appropriate United States District Court within 90

19 days of his receipt of the Dismissal.  *Id*. at 8-9.

20 ────────────────────────

21       [2] Because Mr. Moore's Second Amended Complaint does not contain many factual

22 allegations, the "Statement" section of this order is based not only the allegations in the Second
Amended Complaint but also on the Mr. Moore's Original Complaint, First Amended Complaint,

23 and the complete version of the EEOC's Dismissal of Formal EEO Complaint (of which Mr. Moore
attached two of six pages to his First Amended Complaint).  *See* Original Complaint, ECF No. 1;

24 Sladden Declaration, Ex. A, ECF No. 32-1; First Amended Complaint ("FAC"), ECF No. 41; SAC,
ECF No. 51.

25

26       [3] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
number at the top of the document, not the pages at the bottom.

27

28       [4] Although the Letter of Removal was issued to Mr. Moore on April 22, 2011, it is dated
April 20, 2011.  *See* Sladden Declaration, Ex. A, ECF No. 32-1 at 4.

It appears that Mr. Moore chose the latter option.[5]  He instituted this employment discrimination action against Defendant in this court on November 14, 2011.  Original Complaint, ECF No. 1.  His original form complaint appeared to have alleged violations of: (1) Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*.; (2) the Americans with Disabilities Act of 1990 ("ADA"), 12 U.S.C. § 12101, *et seq*., as amended by the Americans with Disability Act Amendments Act of 2008, P.L. 110-325; (3) and the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.  *Id*. at 1-2.  He alleged that Defendant failed to employ him, terminated his employment, and failed to promote him.  *Id*.  He also alleged that the discrimination occurred on June 8, 2011, that he filed charges with the EEOC or the California Department of Fair Employment and Housing ("DFEH") on that same day, and that the EEOC issued a Notice-of-Right-to-Sue letter, which he received on September 26, 2011.  *Id*. at 2-3.  He attached to his complaint the first and last pages of the EEOC's dismissal of his formal charges.  *Id*. at 4-5.  He did not attach the second, third, fourth, and fifth pages of the dismissal.

On June 5, 2012, Defendant filed a motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings, asserting that Mr. Moore failed to allege facts to support his claims, and, even if he did, failed to timely exhaust his administrative remedies.  Rule 12(c) Motion, ECF No. 32.  On June 28, 2012, Mr. Moore timely filed an opposition to Defendant's motion.  Opposition to Rule 12(c) Motion, ECF No. 33; *see* Fed. R. Civ. P. 6(d); N.D. Cal. Civ. L.R. 7-3(a).  He then filed a supplemental opposition.  Supplemental Opposition to Rule 12(c) Motion, ECF No. 34.  Defendant's reply addressed both of Mr. Moore's oppositions.  Reply re: Rule 12(c) Motion, ECF No. 36.  On July 19, 2012, the court held a hearing on Defendant's motion.  7/19/2012 Minute Order, ECF No. 37.

---

[5] As the court pointed out in its 7/19/2012 Order, Mr. Moore may also have tried to file an appeal with the EEOC.  7/19/2012 Order, ECF No. 38 at 2 n.3.  Along with the first and sixth pages of the Dismissal, Mr. Moore also attached a three-page document dated October 11, 2011 that is titled "Appeal to the Equal Employment Opportunity Commission."  Complaint, ECF No. 1 at 6-8.  In it, Mr. Moore states that his case is for disability discrimination and is "not race[-]related."  *Id*. at 6; *see also id*. ("Stop saying my case is race[-]related.  It is clearly not!  The EEOC meeting was not about race, but irregular attendance due to my disability.").  It is unclear, however, if Mr. Moore ever filed this document with the EEOC or not.  *See id*.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    On July 19, 2012, the court granted Defendant's motion and dismissed Mr. Moore's original

2    complaint without prejudice.  In sum, the court ruled as follows:

3    •  Because "[t]he jurisdictional scope of a Title VII claimant's court action depends upon the scope

4       of both the EEOC charge and the EEOC investigation," *Sosa v. Hiraoka*, 920 F.2d 1451, 1456

5       (9th Cir. 1990) (citing *Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472, 1476

6       (9th Cir. 1989)), Defendant argued that Mr. Moore's race, color, and sex discrimination claims

7       should be disregarded and dismissed because Mr. Moore stated in his October 11, 2011 "Appeal

8       to the Equal Employment Opportunity Commission" that his claim is for disability

9       discrimination only.  Rule 12(c) Motion, ECF No. 32 at 9 (citing Complaint, ECF No. 1 at 6).

10      But because the EEOC's Dismissal mentioned Mr. Moore's race, color, and sex discrimination

11      claims, the court addressed all of Mr. Moore's potential claims in its order.  7/19/2012 Order,

12      ECF No. 38 at 4-5.

13   •  The court dismissed without prejudice Mr. Moore's Title VII race, color, and sex discrimination

14      claims.  *Id*. at 5-6.  After setting forth in detail the applicable legal standard and pleading

15      requirements for a Title VII disability claim, the court noted that although the EEOC's dismissal

16      stated that Mr. Moore brought before it claims for race, color, and sex discrimination, Sladden

17      Declaration, Ex. A, ECF No. 32-1 at 4, his federal complaint did not mention them at all, *see*

18      *generally* Complaint, ECF No. 1.  *See also id*. at 2 (When given the opportunity, on the form

19      complaint he used, to indicate what type of discrimination he alleges, he did not mark "My race

20      or color," "My religion," "My sex," or "My national origin," and instead only marked "Other as

21      specified below.").

22   •  The court dismissed without prejudice Mr. Moore's Title VII retaliation claim.  7/19/2012 Order,

23      ECF No. 38 at 6-7.  After setting forth in detail the applicable legal standard and pleading

24      requirements for a Title VII retaliation claim, the court noted that while the EEOC's Dismissal

25      stated that Mr. Moore brought before it an unspecified retaliation claim, Sladden Declaration,

26      Ex. A, ECF No. 32-1 at 4, he alleged no facts—such as that he engaged in a protected activity

27      and that it was causally linked to his removal—in his federal complaint in support of it.

28      7/19/2012 Order, ECF No. 38 at 6-7.

C 11-05517 LB
ORDER

4

UNITED STATES DISTRICT COURT
For the Northern District of California

- Because Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, provides the exclusive remedy for federal employees claiming discrimination based on disability, *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989), *overruled on other grounds*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990), the court dismissed with prejudice Mr. Moore's disability discrimination claim to the extent it was based on the ADA.  7/19/2012 Order, ECF No. 38 at 7.

- The court dismissed without prejudice Mr. Moore's disability discrimination claim to the extent it was based on the Rehabilitation Act.  *Id*. at 7-8.  After setting forth in detail the applicable legal standard and pleading requirements for such a claim, the court concluded that Mr. Moore did not sufficiently allege one.  *Id*.  The court noted that Mr. Moore did not identify or allege any facts to demonstrate that he has a "disability" or that he is a "qualified individual" who, with or without reasonable accommodation for his "disability," is capable of performing the essential functions of his job.  *Id*.

- The court found Defendant's statute of limitations argument to be premature at that time.  *Id*. at 8-10.  The court explained:

> In order to bring a claim under Title VII or the Rehabilitation Act, a federal employee must timely exhaust his or her available administrative remedies.  *See Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) (Rehabilitation Act context); *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002) (Title VII context).  Under federal regulations promulgated by the EEOC, a federal employee complaining of discrimination by a governmental agency "must consult a[n EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter,' 29 C.F.R. § 1614.105(a), and he or she "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory," 29 C.F.R. § 1614.105(a)(1).  "Although it does not carry the full weight of statutory authority, failure to comply with this regulation has been held to be fatal to a federal employee's discrimination claim."  *Lyons*, 307 F.3d at 1105 (citing *Johnson v. United States Treasury Dept.*, 27 F.3d 415, 416 (9th Cir.1994) (per curiam)).

> The court does not believe that dismissal with prejudice is warranted, at least at this time.  On one hand, Mr. Moore signed the Letter of Removal on April 22, 2012, which would appear to have triggered the start of the 45-day period within which Mr. Moore had to initiate the EEOC process.  *See* 29 C.F.R. § 1614.105(a)(1).  And Defendant submits a declaration of Mr. Moore's purported acting supervisor who states that Mr. Moore was specifically informed on April 22, 2012 that if he wanted to file a formal complaint with the EEOC, he had to do so within 45 days.  Chen Declaration, ECF No. 32-2 at 2, ¶ 2.  On the other hand, in his federal complaint, Mr. Moore alleges that the discriminatory conduct he complains of occurred on June 8, 2011.  Complaint, ECF No. 1 at 2.  (Mr. Moore did not offer [an] explanation for why that date—and not April 22, 2011—is the one on which he was removed from his position.)

UNITED STATES DISTRICT COURT
For the Northern District of California

1    To rule in Defendant's favor and find Mr. Moore's claims time-barred, the court
2    would need to rely upon Mr. Chen's declaration, and that would require converting
     Defendant's motion for judgment on the pleadings to a motion for summary
3    judgment. The court is unwilling to do this here where Mr. Moore is proceeding *pro
     se* and the court has not yet provided him with explicit notice of the standards for
4    summary judgment. (The court will do so now, as the court will simultaneously
     issue, along with this order, its Notice regarding Legal Help Desk, Handbook for
5    Litigants without a Lawyer, and Legal Standards for Summary Judgment Motions.)
     Moreover, given the confusion regarding the date the alleged discrimination
6    occurred—April 22, 2011, as Defendant argues, versus June 8, 2011, as Mr. Moore
     alleges—the court believes the best course of action is to allow Mr. Moore to file a
7    First Amended Complaint. The court then may take up Defendant's statute of
     limitations argument upon a more full record and with clear notice to Mr. Moore.

8    *Id*. at 8-10 (footnotes omitted). The court granted Mr. Moore leave to file a First Amended

9    Complaint no later than August 9, 2012. 7/19/2012 Order, ECF No. 38.

10       On August 3, 2012, Mr. Moore filed a filed a twenty-eight page document titled "Order Granting

11   Lonnie Moore III Opposition, Summary Judgment (Oppose Packet) First Amended Complaint."

12   First Amended Complaint ("FAC"), ECF No. 41. Pages 1 through 7 appear to be a motion for

13   summary judgment.[6] *Id*. at 1-7. Pages 8 and 9 include lists of the members of the Patent Local

14   Rules Subcommittee, certain unknown rules, and certain Habeas Corpus Local Rules. *Id*. at 8-10.

15   Pages 10 through 12 appear to a copy of the USPS's formal Letter of Removal issued to, and signed

16   by, Mr. Moore on April 22, 2011. *Id*. at 10-12. Page 13 is a notarized "California Copy

17   Certification by Document Custodian" regarding an unspecified document. *Id*. at 13.

18       Pages 14 through 17 is an "Individual Complaint Discrimination of Lonnie Moore III" that

19   presumably is Mr. Moore's First Amended Complaint. *Id*. at 14-17. For the sake of completeness

20   and clarity, the court quotes the substantive text from these pages in full:

21       <u>My Removal</u> letter was issued to me on April 22, 2011. I requested Pre-
         Complaint Counseling on 6/8/2011. Lili Beaumont[,] President of the Golden Gate
22       Branch 214 (NALC) National Association of Letter Carriers, AFL-CIO, decided to
         pursue a grievance on my behalf on 6/15/2011. Lili Beaumont, President of the
23       Golden Gate Branch 214 (NALC) AFL-CIO, said to me in a signed letter dated on
         6/17/2011, the best way to represent me in my grievance was to (1) Give her a
24       statement from me describing the timeline from 4/22/2011 (letter was issued), to
         6/8/2011, (3) Copies of any document that were signed by you and your supervisor
25       and your manager, Julio Telis, "Giving you a fresh start on Second Chance," on

26   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27       [6] To the extent Mr. Moore meant this document to be a motion for summary judgment, it is
28   **DENIED** because that would mean that there was no operative complaint on file at that time and
     because the "motion" does not comply with the court's civil local rules. *See* N.D. Cal. Civ. L.R. 7.

1    4/22/2011.  Please provide this information to me[,] Lili Beaumont[,] President of the
     Golden Gate Branch 214 (NALC) National Association of Letter Carriers, AFL-
2    CIO[,] as soon as possible – but no later than June 27, 2011.

3        The Parties involved in my removal, associated with the Golden Gate Branch 214
     (NALC) AFL-CIO[,] are as follows: Lili Beaumont, Bill Thornton, Bradford Louis,
4    Vicky Sawicki, Joshua Javaheri, Franklin Woo, Roberta Bojo, Juan Dominguez,
     Berta Quezada, Karen Schuler, Cathy Simonson, Carmen Gonzalez, Edwina Wu,
5    Ivans Lauersons, Larry Gerigk, Daniel Soohoo, Tim O'Malley, Chris Jackson, Karen
     Eshabarr, Ron Calung, Charles Gonzales, Jun Buccat, Stanly Lew, Norma Leonardo,
6    Sheila Gardner, Mike Callahan, Kim Trong, Gerry Lee, Bryant Almario, Brian Voigt.

7        The Parties involved in my removal, Postal Offical's [sic] and worker's [sic] are
     as follows: Ravi Bainiwal, Raj Sanghera, Julio Telis, Ireneo Paredes, Roland Maples,
8    Michael Cooper, Renita Jones, and David Chen.

9        The Parties involved in my removal associated with the [EEO] and [EEOC] are as
     follows: Robert J. Barnhart, Pattie Middleton, Carlton M. Hadden, Maria Pell, Trent
10   D. Andrews, Thomas C. Anschutz ("Contract EEO Investigator[")].

11       The Parties involved in the cover-up in Case No. C-11-5517 LB are as follows:
     Melinda Haag (CABN 132612), Joann M. Swanson (CSBN 88143), Jonathan U. Lee
12   (SBN 148792) and Melissa K.B. Sladden (CSBN 203307) Assistant United States
     Attorney, (Defendant) Patrick R. Donahoe (Post Master General), (USPS) (Wincy
13   Wong).  Conclusion.

14       All Parties, stated through-out my Individual Complaint of Discrimination,
     viiolated [sic] California Penal Code Act I, II, III, IV, Victims of Crime (OVC) Act of
15   1984, Federal Rule's of Civil Procedure's, Federal tort Claims Act (28 U.S.C. §
     1346(b)), Court of Claims (28 U.S.C. § 171), Tucker Act (28 U.S.C.A. § 1346[a][2],
16   1441), Pursuant to Express provision a written law, Pursuant to Cause of Action,
     Pursuant to Due Process Clause of the Fith [sic] and Fourteenth Amendments,
17   Pursuant to Ex Post Facto Clause, Copyright Act 17 U.S.C. § 512(g)(3)(D),
     Trademark Laws of the U.S.A., Lanham Act Sec. 15 U.S.C. 1125(a)(1)(A), Pursuant
18   to 28 U.S.C. §§ 1331, 1338(a) and (b).  Pursuant to Common law and State Statutory
     Claims, 28 U.S.C. § 1367, Pursuant to 42 U.S.C. § 1985 – Conspiracy to interfere
19   with Civil Rights, and last, Not less, 42 U.S.C. § 1983 – Civil Action for Deprivation
     of Rights, and Weingarten Rights."

20

21   *Id*.  The court considers these four pages to be Mr. Moore's First Amended Complaint.

22       Pages 18 through 26 contain an document titled "Opposition to Motion Packet."  *Id*. at 18-26.  It

23   is unclear what this document is in opposition to, although the court guesses that it might be in

24   opposition to either Defendant's Rule 12(c) motion or the court's 7/19/2012 Order granting it.  In

25   any case, it primarily states that he has evidence to support his case, that Defendant has none in its

26   defense, and that numerous individuals associated with this case have committed perjury.  And the

27   last two pages are copies of an envelope.  *Id*. at 27-28.

28       On August 17, 2012, Defendant filed a motion under Federal Rules of Civil Procedure 12(b)(1)

UNITED STATES DISTRICT COURT
For the Northern District of California

and 12(b)(6) to dismiss Mr. Moore's First Amended Complaint.  Motion to Dismiss, ECF No. 42.

Mr. Moore filed an opposition on August 30, 2012.  Opposition, ECF No. 45.  Defendant filed a

reply on September 6, 2012.  Reply, ECF No. 43.

On October 3, 2012, the court granted Defendant's motion and dismissed Mr. Moore's First

Amended Complaint without prejudice.  10/3/2012 Order, ECF No. 49.  With respect to Mr.

Moore's claims for race, color, sex discrimination, and retaliation in violation of Title VII, and for

disability discrimination in violation of the Rehabilitation Act, the court explained:

> [Mr. Moore's] four-page First Amended Complaint does not re-allege these claims in the typical fashion.  In fact, it does not even mention them at all.  *See generally* FAC, ECF No. 41 at 14-17.  Even if the court considers Mr. Moore to have re-alleged these claims, he clearly has not added additional factual allegations to support them, as the court instructed him was necessary.  Indeed, in its 7/19/2012 Order, the court provided Mr. Moore with the applicable legal standards and informed him of the elements for each of the claims he brings.  Mr. Moore nevertheless failed to sufficiently his amend his complaint.
>
> Still, the court will give Mr. Moore one last chance to do so.  Given how confusing the document that Mr. Moore filed on August 3, 2012 is, the court believes that it is possible that Mr. Moore misunderstood his task.  So, no later than October 19, 2012, Mr. Moore may file a document titled "Second Amended Complaint."  In it—keeping in mind the legal standards set forth by the court in its July 19, 2012 Order—he may attempt to allege facts to support his claims for race, color, sex discrimination, and retaliation in violation of Title VII, and for disability discrimination in violation of the Rehabilitation Act.  Should he fail to sufficiently allege these claims, he risks the possibility that his claims will be dismissed with prejudice.  For now, though, his claims are **DISMISSED WITHOUT PREJUDICE**.

*Id.* at 10-11 (footnote omitted).  As for his new claims, the court stated:

> As described above, Mr. Moore alleges in his First Amended Complaint, with no factual support whatsoever, claims for violation of a host of rules and statutes that were not mentioned in the original complaint.  FAC, ECF No. 41 at 16-17.  He simply lists them in a single paragraph.  *Id.*
>
> All of these claims are insufficiently pled.  Even so, many of the claims would fail for other reasons.  Many of the claims are based on rules rather than statutes (e.g., the Federal Rules of Civil Procedure), or on constitutional provisions or statutes that have no relationship at all to this action (e.g., the Fifth Amendment; "the Trademark Laws of the United States"; the Lanham Act, 15 U.S.C. § 1051 et seq.; the Copyright Act, 17 U.S.C. § 512), or on statutes that do not allow for a private right of action (e.g., the "California Penal Code Acts I, II, III, IV"; the Victims of Crime Act of 1984, 42 U.S.C. § 10601 et seq.).  Mr. Moore's claims for violation of 42 U.S.C. § 1983 and 1985(3) also are not viable because the deprivation of a right created by Title VII or the Rehabilitation Act cannot be a cause of action under those statutes.  *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979); *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002); *White v. Gen. Servs. Admin.*, 652 F.2d 913, 916 (9th Cir. 1981).  Mr. Moore's claim for violation of the Fourteenth Amendment also fails because such a claim can be brought only though Section 1983.

<div style="margin-left:2em; font-variant:small-caps; writing-mode:vertical-rl;">

**UNITED STATES DISTRICT COURT**
For the Northern District of California
</div>

1    *See Johnson v. Sutter Delta Medical Center*, No. C 11–03628 SI, 2011 WL 5444319,
2    at *3 (N.D. Cal. Nov. 9, 2011) (citing *City of Boerne v. Flores*, 521 U.S. 507,
     518–519 (1997)).  In addition, as Defendant points out, other statutes, such as the
3    Federal Tort Claims Act, 28 U.S.C. § 1346(b), and the Tucker Act, 28 U.S.C. §
     1346(a), require Mr. Moore to show that the United States has waived its sovereign
4    immunity and that he exhausted his administrative remedies, and he has not done that.

5       "Although pro se pleadings are liberally construed . . . a pro se plaintiff must still
     satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)." *Jackson
6    v. Napolitano*, CV-09-1822-PHX-LOA, 2010 WL 94110 at *2 (D. Ariz. Jan. 5, 2010)
     (granting defendant's motion to dismiss pro se complaint for failure to state claim for
7    disability discrimination) (internal citations omitted).  "Neither the Court nor the
     defendants should be compelled to cull through pages of rambling narrative,
8    argument and needless digression to discover the factual bases for plaintiffs' claims."
     *Jacobson v. Schwarzenegger*, 226 F.R.D. 395, 397 (C.D. Cal. 2005) (dismissing
9    complaint pursuant to Rule 8); *Sevilla v. Terhune*, No. 1:06-cv-00172-LJO-WMW,
     2009 WL 1211393 at *1 (E.D. Cal. May 1, 2009) (same).

10       Rather than go through each constitutional provision, statute, or rule cited by Mr.
     Moore, and in light of the complete lack of related factual allegations, the court
11   simply will dismiss his new claims without prejudice.  Above, the court provided
     some guidance to Mr. Moore about whether these new claims are viable or not.
12   Should Mr. Moore include them—and factual allegations to support them—in his
     Second Amended Complaint, the court will address them in more detail at that time.
13   For now, the claims Mr. Moore attempts to allege in his First Amended Complaint
     are **DISMISSED WITHOUT PREJUDICE**.

14

15   *Id.* at 11-12 (footnote omitted).

16       With the court's leave, Mr. Moore filed a Second Amended Complaint on October 22, 2012.

17   SAC, ECF No. 51.  This complaint, like his previous ones, contains very few factual allegations.

18   *See generally id.*  He alleges that he was a letter carrier for the USPS; that he is an African-American

19   black male; that "Defendant(s) [perjured] themselves"; that he "is the only letter carrier to ever be

20   fired by a PTF (Part-Time-Flex) letter carrier, with three years or less of service, to our country";

21   and that he "is the only African American, black male, American citizen, in Post Office history to

22   ever be fired by a letter carrier."  *Id.* at 12-13.  Apparently, based on these allegations, Mr. Moore's

23   brings the 21 claims for violation of the following: (1) "California Penal Code Act, I, II, III, IV"; (2)

24   "Victims of Crime (OVC) Act of 1984"; (3) the Rehabilitation Act; (4) 42 U.S.C. § 1985; (5) 42

25   U.S.C. § 1983; (6) "Weingarten Rights"; (7) Federal Tort Claims Act ("FTCA"); (8) "Court of

26   Claims, 28 U.S.C. § 171"; (9) "Tucker Act, 28 U.S.C.A. § 1346(a)(2), 1491"; (10) "Federal Rule[s]

27   of Civil Procedure and Civil Local Rules"; (11) 42 U.S.C. § 1701; (12) 42 U.S.C. § 1651; (13) 42

28   U.S.C. §§ 1701, 1702(a), 1706(c), 33 U.S.C. §§ 906, 909, 910; (14) 5 U.S.C. § 8147(a)-(c); (15)

1   Title II of the ADA; (16) "common law and state statutory claims"; (17) "express provision of a

2   written law"; (18) the Due Process Clause of the Fifth and Fourteenth Amendments; (19) the ex post

3   facto clause of Article I, Section 9 of the United States Constitution; (20) Title VII; and (21) "Cause

4   of Action, (Pursuant to) EEOC Sec. 1614.103 or 1614.106(a)." *Id.* at 3-5.

5       On December 14, 2012, Defendant filed a motion to dismiss Mr. Moore's Second Amended

6   Complaint, Motion, ECF No. 61.  The motion was served on Mr. Moore, Proof of Service, ECF No.

7   62, and Mr. Moore filed two documents that the court will consider his opposition brief.[7]

8                     **ANALYSIS**

9   **I.  LEGAL STANDARDS**

10     **A.  Rule 12(b)(1)**

11       Federal courts are courts of limited jurisdiction; thus, the court presumes lack of jurisdiction, and

12   the party seeking to invoke the court's jurisdiction bears the burden of proving that jurisdiction

13   exists.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Federal Rule of Civil

14   Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter

15   of the complaint.  *See* Fed. R. Civ. Pro. 12(b)(1).  The party invoking the jurisdiction of the federal

16   court bears the burden of establishing that the court has the requisite subject matter jurisdiction to

17   grant the relief requested.  *See Kokkonen*, 511 U.S. at 377 (1994) (citation omitted).

18       A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal

19   jurisdiction either "facially" or "factually."  *Thornhill Pub'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*,

20   594 F.2d 730, 733 (9th Cir. 1979).  When the complaint is challenged for lack of subject matter

21   jurisdiction on its face, all material allegations in the complaint will be taken as true and construed

22   in the light most favorable to the plaintiff.  *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

23   But in deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no

24   presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material

25   facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

26

27        [7] Since December 14, 2012, Mr. Moore has filed two large documents, but neither of them
28   specifically is an opposition brief.  *See* First 12/28/2012 Received Document, ECF No. 63; Second
       12/28/2012 Received Document.

UNITED STATES DISTRICT COURT
For the Northern District of California

C 11-05517 LB
ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen*

2    *v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see St. Clair v. City of Chico*,

3    880 F.2d 199, 201 (9th Cir. 1989) ("It then becomes necessary for the party opposing the motion to

4    present affidavits or any other evidence necessary to satisfy its burden of establishing that the court,

5    in fact, possesses subject matter jurisdiction."). "In resolving a factual attack on jurisdiction, the

6    district court may review evidence beyond the complaint without converting the motion to dismiss

7    into a motion for summary judgment." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see*

8    *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to

9    dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but

10   may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning

11   the existence of jurisdiction.").

12   **B.  Rule 12(b)(6)**

13       A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does

14   not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp.*

15   *v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

16   factual content that allows the court to draw the reasonable inference that the defendant is liable for

17   the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard

18   is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

19   defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint

20   attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

21   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

22   conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual

23   allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S.

24   at 555 (internal citations and parentheticals omitted).

25       In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true

26   and construe them in the light most favorable to the plaintiff.  *See id*. at 550; *Erickson v. Pardus*, 551

27   U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

28       If the court dismisses the complaint, it should grant leave to amend even if no request to amend

C 11-05517 LB
ORDER

1   is made "unless it determines that the pleading could not possibly be cured by the allegation of other

2   facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc.*

3   *v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party

4   repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend.  *See*

5   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where

6   district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim

7   with leave to amend).

8       **C. Rule 12(c)**

9       "After the pleadings are closed—but early enough not to delay trial—a party may move for

10  judgment on the pleadings." Fed. R. Civ. P. 12(c).  "[T]he same standard of review applicable to a

11  Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally

12  identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  A Rule 12(c)

13  motion may thus be predicated on either: (1) the lack of a cognizable legal theory; or (2) insufficient

14  facts to support a cognizable legal claim.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

15  (9th Cir. 1990).  When considering a motion to dismiss under Rule 12(c), the court "must accept all

16  factual allegations in the complaint as true and construe them in the light most favorable to the

17  non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  "A judgment on the

18  pleadings is proper if, taking all of [plaintiff]'s allegations in its pleadings as true, [defendant] is

19  entitled to judgment as a matter of law." *Compton Unified School Dist. v. Addison*, 598 F.3d 1181,

20  1185 (9th Cir. 2010).

21      Although a court generally is confined to the pleadings on a Rule 12(c) motion, "[a] court may,

22  however, consider certain materials—documents attached to the complaint, documents incorporated

23  by reference in the complaint, or matters of judicial notice—without converting the motion to

24  dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

25  2003); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).  The Ninth Circuit

26  has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim

27  depends on the contents of a document, the defendant attaches the document to its motion to dismiss,

28  and the parties do not dispute the authenticity of the document, even though the plaintiff does not

1    explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068,

2    1076 (9th Cir.2005) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding that the

3    district court properly considered documents attached to a motion to dismiss that described the terms

4    of plaintiff's group health insurance plan, where plaintiff alleged membership in the plan, his claims

5    depended on the conditions described in the documents, and plaintiff never disputed their

6    authenticity); *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002) (taking into account newspaper

7    article containing allegedly defamatory statement under the "incorporation by reference" doctrine

8    where it was "central" to plaintiff's claim, defendant attached it to the motion for judgment on the

9    pleadings, and plaintiff did not contest its authenticity)).

10   **II. DISCUSSION**

11      **A. Mr. Moore's Title VII and Rehabilitation Act Claims**

12      As the court recounted above, Mr. Moore has on two occasions failed to allege sufficient facts in

13   support of his claims for race, color, sex discrimination, and retaliation in violation of Title VII, and

14   for disability discrimination in violation of the Rehabilitation Act. *See* 10/3/2012 Order, ECF No.

15   49 at 10-11; *see generally* Original Complaint, ECF No. 1; FAC, ECF No. 41. In its 10/3/2012

16   Order, the court specifically noted that it would give Mr. Moore one last chance to do so and that if

17   he did not, he risked the possibility that his claims will be dismissed with prejudice. 10/3/2012

18   Order, ECF No. 49 at 10.

19      Although Mr. Moore re-alleges his Title VII and Rehabilitation Act claims (Claims 20 and 3,

20   respectively), he once again does not allege sufficient facts to support them. *See* SAC, ECF No. 51

21   at 12-13. He alleges nothing whatsoever in support religious or disability discrimination claims, nor

22   does he allege any facts to support retaliation for protected activity. *See id*. And for his race, color,

23   and sex discrimination claims, while he alleges that he is a black, African-American male, he alleges

24   nothing else to suggest discrimination on those bases. *See id*. Simply alleging that he is a black,

25   African-American male who was fired is not enough, even considering Mr. Moore's *pro se* status.

26   *See Jackson*, 2010 WL 94110 at *2 ("Although *pro se* pleadings are liberally construed . . . a *pro se*

27   plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a).").

28   Accordingly, because the court has given Mr. Moore two opportunities to allege sufficient facts in

UNITED STATES DISTRICT COURT
For the Northern District of California

C 11-05517 LB
ORDER

13

support of these claims and given him ample direction about how to do so, and yet he still has not, the court **DISMISSES WITH PREJUDICE** Mr. Moore's claims for race, color, sex discrimination, and retaliation in violation of Title VII, and for disability discrimination in violation of the Rehabilitation Act. *See Ferdik*, 963 F.2d at 1261 (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).[8]

**B. Mr. Moore's Non-Title VII and Non-Rehabilitation Act Claims**

Mr. Moore also re-alleges many of the non-Title VII and non-Rehabilitation Act claims that he alleged in his First Amended Complaint, *see* SAC, ECF No. 51 at 3-5, but he once again he fails to allege any facts in support of them, *see* 10/3/2012 Order, ECF No. 49 at 11-12 (explaining that his non-Title VII and non-Rehabilitation Act claims were insufficiently pled and also would fail for other reasons (which the court then noted)).

These claims also fail for other reasons, as Defendant clearly and concisely pointed out in his motion to dismiss. *See* Motion, ECF No. 61 at 16-21. For some of them, they simply are not claims (i.e., Claim 8 regarding the "Court of Claims"; Claim 10 for violation of the "Federal Rule[s] of Civil Procedure and Civil Local Rules"; Claim 16 for violation of unspecified "common law and state statutory claims"; and Claim 17 for violation the "express provision of a written law"). For others, the defect simply is that they cannot be the basis of a cause of action for damages in federal court (i.e., Claim 1 for violation of the California Penal Code; Claim 2 for violation of the Victims of Crime Act), do not apply to federal actors (i.e., Claim 5 for violation of 42 U.S.C. § 1983; Claim 18 for violation of the Fourteenth Amendment), or do not have anything to do with the essential allegations of discrimination (as opposed to tort) in this case (i.e., Claim 7 for violation of the FTCA; Claims 11, 12, and 13 for violation of the Defense Base Act (42 U.S.C. §§ 1651, 1701, 1706); Claim 14 for violation of the Federal Employees' Compensation Act). For still others, Mr.

---

[8] Because the court dismisses Mr. Moore's Title VII and Rehabilitation Acts on the ground that he has not sufficiently pled facts to support them (after several opportunities to do so), the court need not address Defendant's argument that they fail because they are time-barred or because he did not exhaust his administrative remedies. *See* Motion, ECF No. 61 at 23-26.

C 11-05517 LB
ORDER

1   Moore has not shown that the United States has waived its sovereign immunity, or that his Title VII

2   or Rehabilitation Act claims do not cover them already or in fact his exclusive remedies because his

3   allegations suggest only employment discrimination (i.e., Claim 4 for violation of 42 U.S.C. § 1985;

4   Claim 6 for violation of Mr. Moore's "Weingarten Rights"; Claim 9 for violation of the Tucker Act;

5   Claim 18 for violation of the Fifth Amendment; Claim 19 for violation of the ex post facto clause;

6   Claim 21 for violation of "EEOC Sec. 1614.103 or 1614.106(a)").  Finally, the court already

7   dismissed with prejudice Mr. Moore's ADA claim (Claim 15).  *See* 7/19/2012 Order, ECF No. 38 at

8   7.

9        Accordingly, because the court previously instructed Mr. Moore that he needed to provide

10  factual allegations in support of his claims and also gave Mr. Moore guidance regarding their

11  viability (or lack thereof), the court **DISMISSES WITH PREJUDICE** Mr. Moore's non-Title VII

12  and non-Rehabilitation Act claims (Claims 1-2, 4-19, and 19).  *See Ferdik*, 963 F.2d at 1261.

13                                    **V.  CONCLUSION**

14       Based on the foregoing, the court **GRANTS** Defendant's motion and **DISMISSES WITH**

15  **PREJUDICE** all of Mr. Moore's claims.

16       The Clerk of the Court shall close the file.

17       **IT IS SO ORDERED.**

18  Dated: January 28, 2013

19                                    _____
                                       LAUREL BEELER
                                       United States Magistrate Judge

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

C 11-05517 LB
ORDER